## RAPER v. AMERICAN TIN-PLATE COMPANY.

[No. 18,921. Filed March 12, 1901.]

APPEAL.—*Instructions.*—*New Trial.*—The action of the trial court in sustaining a motion to instruct the jury to return a verdict for one of the parties can not be assigned as an independent error. To be made available on appeal it should have been presented below as a cause for a new trial. *pp. 323, 324.*

SAME.—*Record.*—*Instructions.*—An instruction not shown by the record to have been filed in the cause, not made part of the record without bill of exceptions by special order, and on the margin of which is no written exception signed by the trial judge, is not a part of the record. *pp. 324, 325.*

From the Madison Circuit Court. *Affirmed.*

*David L. Bishopp,* for appellant.

*C. M. Greenlee, B. R. Call, E. B. Goodykoontz, G. M. Ballard, B. H. Campbell, J. C. Blacklidge, C. C. Shirley* and *C. Wolf,* for appellee.

HADLEY, J.—Suit by appellant for personal injuries resulting from the alleged negligence of appellee. Demand, $10,000. Judgment for defendant.

The court, at the conclusion of the plaintiff's evidence, upon proper motion directed the jury to return a verdict for the defendant. An effort is made to question this action before this court. There are three assignments of error:

(1) That the court erred in sustaining appellee's motion to instruct the jury to find for the defendant; (2) the court erred in instructing the jury to find for the defendant, and (3) in overruling appellant's motion for a new trial. The first two of these assignments present no question. To make such questions available for review they must reach the appellate tribunal through the medium of a motion for a new trial, and cannot be assigned here as independent error. *Hampson* v. *Fall,* 64 Ind. 382; *Wright* v. *Nipple,* 92 Ind. 310; *North Western, etc., Ins. Co.* v. *Heimann,* 93 Ind. 24, 28; *Western Union Tel. Co.* v. *Kilpatrick,* 97 Ind. 42; *Cline* v. *Lindsey,* 110 Ind. 337, 343; Ewbank's Manual, §44.

The giving of the instruction is the only reason stated for a new trial, and the instruction is set out in full in the motion. But here again appellant fails to present any question, for the reason that the instruction complained of is not in the record. The effort has been to bring it in by order of court. The record discloses that upon the conclusion of the plaintiff's evidence the defendant filed its motion that the court instruct the jury to return a verdict for the defendant, and that the court sustained the motion, and the record then proceeds: "To which ruling of the court the plaintiff at the time excepts, and the motion, ruling thereon, and the exception thereto, are ordered made a part of the record without bill of exceptions." After this entry, it is further recited by the clerk that the court gave to the jury an instruction in these words: "Gentlemen of the jury, you are instructed by the court to return a verdict for the defendant. John F. McClure, Judge. * * *. To which instruction the plaintiff at the time excepts." And this is all the record pertaining to the subject. It will be noted (1) that there is nothing showing that the instruction was filed in the cause; (2) that there is no special order that the instruction be made a part of the record without a bill of exceptions; (3) there is no exception written on the margin or at the close of

the instruction signed by the judge and dated, all of which things are required by §§543, 544 Burns 1894, and many decisions of this court. *Butler* v. *Roberts,* 118 Ind. 481; *Childress* v. *Callender,* 108 Ind. 394; *Van Sickle* v. *Belknap,* 129 Ind. 558, 562; Elliott's App. Proc. §792; Ewbank's Manual §§27, 36; *Killion* v. *Hulen,* 8 Ind. App. 494, 496.

Copying the instruction into the motion for a new trial did not make it a part of the record. *Thompson* v. *Thompson, ante,* 276; *Woods* v. *Matlock,* 19 Ind. App. 364, 367. And a copying of the instruction into the record by the clerk does not of itself make it a part thereof. *Indiana, etc., Co.* v. *Bundy,* 152 Ind. 590, 604; *Roose* v. *Roose,* 145 Ind. 162.

Judgment affirmed.