## GREEN, RECEIVER, *v.* MACY.

[No. 5,464.     Filed November 28, 1905.]

1. PRINCIPAL AND AGENT.—*Accounting.*—*Value of Goods.*—*Evidence.*—In a suit by the principal against its agent for an accounting for goods sold and collected for, evidence of the value of such goods is not material.     p. 563.

Green *v.* Macy—36 Ind. App. 560.

2. PRINCIPAL AND AGENT.—*Conversion.*—*Value of Goods.*—*Evidence.*—In an action by the principal against its agent for the conversion of such principal's goods, evidence of the value of such goods is material. p. 564.

3. EVIDENCE.—*Quantity of Goods.*—*Sales.*—*Value.*—A stipulation by the agent, in a suit by a principal against its agent for an accounting for goods sold and collected for, that the bill of particulars "shows the correct amount of the. shipments * * * and that * * * the amounts shown by said bill * * * are to be taken as the true and correct amounts" is not an admission that such bill shows the amounts for which sales were made. p. 564.

4. PRINCIPAL AND AGENT.—*Accounting.*—*Value of Goods Before Shipment.*—*Amount of Sales.*—*Inferences.*—Evidence of the value of goods before shipment, where the agent was not required to sell at any fixed price, furnishes no basis of inference that such agent sold such goods for any fixed sum, especially where such agent paid all shipping expenses. p. 565.

5. SAME.—*Accounting.*—*Amount of Goods.*—*Market Value.*—*Inferences.*—Where the principal sues its agent for an accounting for money collected on sales, but it fails to prove the amount of goods sold or their market value when sold, no basis for an inference as to the amount due is shown. p. 565.

6. SAME.—*Accounting.*—*Damages.*—*Evidence.*—In a suit by the principal against its agent for an accounting and damages, it is incumbent upon-the plaintiff to prove the amount of damages with reasonable certainty, or facts from which such amount can reasonably be inferred. p. 566.

7. TRIAL.—*Failure of Evidence.*—*Directing Verdict.*—*Principal and Agent.*—Where the principal sues his agent for an accounting, and such principal fails to prove the amount due or facts from which such amount can reasonably be inferred, the trial court should direct a verdict for such agent. p. 566.

8. APPEAL AND ERROR.—*Nominal Damages.*—A cause will not be reversed for a failure to assess nominal damages. p. 566.

From Delaware Circuit Court; *Joseph G. Leffler,* Judge.

Suit by Orla Green as receiver of the Stillwater Valley Stone Company against John W. Macy. From a decree for defendant, plaintiff appeals. *Affirmed.*

*Forkner & Forkner, Fermen C. Focht* and *Rollin Warner,* for appellant.

*Engle, Caldwell & Parry* and *Bingham & Long,* for appellee.

ROBINSON, J.—Suit by Appellant. At the close of appellant's evidence the court sustained appellee's motion for a peremptory instruction. Appellant assigns as error the overruling of his motion for a new trial.

The complaint avers the appointment of appellant receiver; that the stone company, a corporation, operated certain quarries on lands owned by it in Ohio; that appellee was a stockholder and officer of the corporation, and resided at Winchester, Indiana, during the existence of the corporation; that to aid the business of the corporation, and in consideration of the profits and benefits to the corporation and stockholders arising from the sale of stone, and in consideration of the benefits and profits that would accrue to the corporation and stockholders and to appellee, appellee undertook and agreed with the corporation to act as its agent in making sales of stone, and that appellee, as agent of, and acting for, the corporation, did, during the period of five years, beginning with the —— day of ————, 1885, and from time to time during all of such period as such agent, make sales of large amounts of stone, in all to the amount of 1,500 perches, and that after such sales appellee, acting as such agent, received and collected from the parties to whom he made such sales the amounts for which all of such stone was so sold by him, and as such agent collected and received as the price for such stone so sold the sum of $3,000; that thereafter he accounted for and paid over $1,000, and that he has failed and refused and still refuses to account for or pay over to the corporation or appellant the remainder of such sum which is due and unpaid; that on January 22, 1900, before the bringing of this action, appellant demanded such sum and an accounting and settlement, but appellee refused said demand. A bill of particulars is filed with the complaint.

The complaint declares upon an agreement between the corporation and appellee, under which appellee, as agent, was to sell stone, that as such agent he sold a cer-
1. tain quantity, collected for such stone so sold $3,000, accounted for and paid over $1,000, failed to pay the balance—$2,000—for which judgment is prayed. It is not the theory of the pleading that the corporation delivered to the agent a quantity of stone of a certain value and that he converted it. Such an action and the case made by this complaint are essentially different. In the former, or case of conversion, evidence of the value of the stone would be material. In the latter it would not be, for the reason that the pleading seeks to hold the agent for money collected for stone sold and unaccounted for regardless of whether the agent sold it for more or less than its value.

In *Bougher* v. *Scobey* (1863), 21 Ind. 365, suit was brought to· recover certain notes, or their proceeds, the second count averring that appellants had placed in the hands of appellees, as attorneys, claims on divers persons amounting to $6,000, which had been by them collected, and of which they had paid appellants $4,147.85, leaving a balance of $1,852.15 in their hands unaccounted for and unpaid; that demand had been made for an accounting and payment, which was refused, the fifth count averring that appellants had in the hands of appellees as their attorneys a large amount of claims, referred to, which claims were all solvent and amounted to $6,000, and which were all unaccounted for; that appellants demanded of them that they account for all their interest in such claims, which was refused. The trial court had proceeded upon the theory that the two counts were, in substance, identical. The court said: "This we think was a mistake. The second count charges the defendants with having collected a certain amount of money upon claims placed in their hands which they failed to pay over on demand; while the fifth

is for failing, upon demand, to account for certain notes on solvent persons, which had been placed in their hands for collection.    *    *    *    The material question, under the second count, was, whether the claims had been collected; while no such question could legitimately arise upon a trial under the fifth count. Nor was it incumbent on the plaintiffs, under the former, as it was under the latter, to prove the solvency of the claims."

The complaint in the case at bar does not proceed upon any theory that made the value of the stone at the quarry material. Had the complaint averred that the company delivered to appellee a certain quantity of stone to be sold by him, that he did sell it, collected the money, and failed to account for all or any part of the proceeds, but converted the stone and proceeds to his own use, and that the stone was of a named value, evidence of the value of the stone would be competent and material. But this is not the case made by the complaint. It does not tender any issue as to the value of the stone.

However, if the evidence admitted as to the value of the stone at the quarry was material, it gave no aid in determining what appellee received on the sale of the stone. The evidence showed the number of perches of stone shipped from the quarries in Ohio to appellee in Randolph county. Appellee admitted in writing that the bill of particulars "shows the correct amount of the shipments of stone, and that upon the trial of this cause the amounts shown by said bill of particulars may be and are to be taken as the true and correct amounts without further proof or evidence." The bill was introduced in evidence. This writing does not necessarily go any further than an admission that the bill shows the correct amount of stone shipped, and is not necessarily an admission that the bill shows the amounts for which sales were made; and, in view of the evidence given as to the reason

for making the admission, it should go only to the number of perches, and not to amounts for which sales were made. The stone was all sold in Randolph county, Indiana, and, even if evidence of the value of the stone at the quarry at Covington, Ohio, was material, it gave no aid in determining what amount, if any, was yet due, for the reason that freight and other expenses were to be paid by appellee, and the evidence does not show what these amounts were; and the evidence further shows that appellee was not required to sell the stone at any particular price. A witness, who was secretary and treasurer of the company, testified that when the agreement was made with appellee to sell stone to the county—it seems for bridges—appellee said he would have to bid for delivering the stone at the bridge; that witness said: "We thought the price of $2 a perch on board cars at Covington would be the basis of making that calculation in estimating how much more should be charged to deliver the stone at the bridge, wherever built." The evidence also shows that the county paid for the stone by measurement in the bridge abutments, and that in a number of instances this was less than the car measurement. The evidence does not show the number of perches of stone sold. Upon a showing of the sale of the stone and a receipt of the money by appellee, the presumption would be that he received the market value of the stone at the place where sold, but the evidence shows neither this market value nor the quantity sold.

We do not think it can be said that the amounts received were exclusively within appellee's knowledge. Appellee's evidence seems to be undisputed that he never sold any stone for the company to any person but the board of commissioners of Randolph county. If appellee sold only to the county during the time claimed, the amounts received by him were matters of record, and no attempt seems to

have been made to show by this record what these amounts were. The code required appellant to state in a plain and concise manner the facts requiring the relief demanded, and neither the pleadings nor the evidence shows it to be excused from this duty. See *Brashear* v. *City of Madison* (1895), 142 Ind. 685, 33 L. R. A. 474. As we have seen, the complaint is not upon the theory that appellant consigned to appellee for sale a certain amount of stone of a certain value, but that he has rendered no account, and praying for an accounting.

While it is not necessary in such a case to prove the exact amount of damages, yet, where substantial damages are claimed, it is necessary that the amount should be shown with reasonable certainty. It is quite true that the "receipts of money and the amount thereof may be proved by facts, incidents and circumstances," but the court or jury must have some criterion or data from which they can estimate the extent of the damage. We do not think there is any evidence in this case upon which the jury could properly proceed to find a verdict for appellant.

If the case had been submitted to the jury, and a verdict for substantial damages returned, the court could, on application, have set the verdict aside as not sustained by sufficient evidence. In such case the court may direct a verdict for the defendant. See *Oleson* v. *Lake Shore, etc., R. Co.* (1896), 143 Ind. 405, 32 L. R. A. 149, and cases cited; *Weis* v. *City of Madison* (1881), 75 Ind. 241, 39 Am. Rep. 135, *Cleveland, etc., R. Co.* v. *Heath* (1899), 22 Ind. App. 47. Even if it be conceded that appellant was entitled to nominal damages, we can not reverse the case for failure to assess such damages.

Judgment affirmed.