GIPE, ADMINISTRATRIX, v. PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY.

[No. 5,864.   Filed October 30, 1907.   Rehearing denied December 20, 1907.   Transfer denied January 30, 1908.]

1.  APPEAL.—Judgment.—Law of the Case.—The decision of a cause on appeal becomes the law of the case on the same facts throughout the subsequent stages of the case.  p. 157.

2.  EVIDENCE.—Judicial Notice.—Records on Former Appeal.—The Appellate Court, in a pending appeal, takes judicial notice of the facts contained in the record of the same case on a prior appeal to the Supreme Court.  p. 158.

3.  DAMAGES.—Settlement.—Fraud.—Executors and Administrators.—Railroads.—Where a husband was killed by the negligence of a railroad company, and as a condition precedent to the receipt of his wages such company compelled the wife to qualify as administratrix, whereupon such wages were paid, and in order to receive the money due to her individually from the benefit department of such company she was required to sign individually and as administratrix, a release of any claim for damages, the company's representative saying it was "a form she would have to go through with" and that "everything is all right," the widow protesting that she did not wish to do anything to prejudice the rights of her children as against the company, no fraud upon the rights of such children is shown and the release is conclusive as against all claims.  p. 159.

4.  RAILROADS.—Relief Department.—Acceptance of Relief.—Prior to 1907 (Acts 1907, p. 46), where a widow, entitled to either the proceeds of her husband's certificate in a railroad voluntary relief department, or to pursue her remedy at law, accepted the former and executed an unconditional release, such release should be upheld unless its execution was secured by false representations which were relied upon by the widow, whereby she was misled into a settlement she would not otherwise have accepted.  p. 160.

5.  FRAUD.—Presumptions of.—Question for Jury.—Fraud is a question of fact for the jury, and is never presumed.  p. 161.

6.  TRIAL.—Burden of Proof.—Fraud.—Contracts.—The burden of proving a reply of fraud to an answer of compromise and settlement is upon the plaintiff.  p. 161.

7.  SAME.—Directing Verdict.—Where the plaintiff's evidence is such that a verdict cannot stand, it is the duty of the court to direct a verdict for defendant.  p. 161.

8.  CONTRACTS. — Mistakes of Law. — Railroads. — Damages. — Releases.—A mistake as to the legal effect of a release executed by

an administratrix to a railroad company is not the subject of relief by the courts. p. 162.

From Hamilton Circuit Court; *Samuel R. Artman,* Special Judge.

Action by Flora J. Gipe, as administratrix of the estate of Sylvester H. Gipe, deceased, against the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Wymond J. Beckett* and *Elliott, Elliott & Littleton,* for appellant.

*John L. Rupe* and *Shirts & Fertig,* for appellee.

MYERS, J.—This action was originally commenced by appellant against appellee, and the Pennsylvania Company, to recover damages for the negligent killing of her decedent. On a former trial the action was dismissed as to the Pennsylvania Company, and judgment rendered against appellee. On appeal to the Supreme Court that judgment was reversed (*Pittsburgh, etc., R. Co.* v. *Gipe* [1903], 160 Ind. 360), and the cause returned for a new trial. A substituted amended complaint, an answer in three paragraphs, the first a general denial, and a reply in two paragraphs—one in denial—to the affirmative paragraphs of answer, formed the issues. Trial by jury. On motion of appellee, and over the objections and exceptions of appellant, the court instructed the jury to return a verdict in its favor, which was accordingly done, and judgment rendered on the verdict. Appellant's motion for a new trial was overruled, and this ruling is assigned as error.

The complaint is founded upon subdivision four of section one of the employers' liability act (Acts 1893, p. 294, §8017 Burns 1908). The injury is averred to have been

1. caused by the negligence of a person in the service of appellee who had charge of a locomotive engine upon its railway. The facts disclosed by the answers in the record on this appeal are substantially set forth in the opinion of the court on the former appeal, and the law as then declared

upon all questions decided is the law of the case throughout all subsequent stages (*Rosenthal* v. *Rambo* [1905], 165 Ind. 584, 3 L. R. A. (N. S.) 678; *James* v. *Lake Erie, etc., R. Co.* [1897], 148 Ind. 615; *Halstead* v. *Sigler* [1905], 35 Ind. App. 419), "but the decision on the former appeal is the law of the case only in so far as the facts remain the same. *Eckert* v. *Binkley* [1893], 134 Ind. 614; *State, ex rel.,* v. *Christian* [1897], 18 Ind. App. 11." *Midland Steel Co.* v. *Citizens Nat. Bank* (1904), 34 Ind. App. 107), and the court may look to the record on a former appeal for the purpose of determining to what extent the rule applies. *Westfall* v. *Wait* (1905), 165 Ind. 353.

The record on the former appeal shows that the reply was in three paragraphs. The first was a general denial; the second alleged that there was no consideration for the settlement and release mentioned in the second paragraph of answer; and the third was addressed to that part of the second paragraph of answer which alleged a settlement and release of her claim, as administratrix, against this appellee, for the reason that there was no consideration of any nature for such release and settlement of her said claim as such administratrix.

The first paragraph of reply now before us is addressed to the second and third paragraphs of answer, and seeks to avoid the release mentioned in the answers, upon the grounds that it was procured from appellant by appellee through fraud and misrepresentations; that no part of said $750 was received by appellant, but was received by Flora J. Gipe as her individual property and so used, and that the release by her as administratrix, under the facts, made appellee liable as a party to a *devastavit*.

On the former appeal, it was held that "the mere receipt of the money in both capacities did not *per se* involve a waste of the trust," as she would be bound to account for the money received on the probate side of the court, and therefore appellee was not a party to a *devastavit*.

The only question in this case not decided on the former appeal is presented by the exception taken to the action of the court in giving to the jury a peremptory instruction to find for appellee, and by appellant assigned as a reason for a new trial. The question arises upon the evidence. It is the contention of appellant that she was induced to execute the release through the fraudulent representations of appellee, and the evidence supporting this contention should have been submitted to the judgment of the jury. The evidence most favorable to appellant in this regard is as follows: At the time the release was signed three persons were present, namely, Mr. Eddy, representing appellee, Mrs. Gipe, the appellant, and her brother-in-law, Warren T. Gipe. In support of the reply Mrs. Gipe testified that she was the administratrix prosecuting this action for the benefit of her children; that she first met Mr. Eddy, after her husband's death, at the court-house in Indianapolis, on January 11, 1898; that Mr. Eddy said she would have to be appointed administratrix before she could draw her husband's wages; that she was appointed, and in company with her brother-in-law and Mr. Eddy went to the bank, where she was paid the wages due; that Mr. Eddy said the voucher had not come for the benefit money, and that he would notify Mr. Gipe when it came; that he did notify Mr. Gipe, and he and appellant went to Mr. Eddy's office in the Union Station at Indianapolis. She further testified: "Mr. Eddy said the papers had come for the $750, and I signed my name, 'Flora J. Gipe,' and he said I would have to sign it as 'Flora J. Gipe, Administratrix,' and I asked why. He said that was a form to get my money, and I said I did not want to do anything that would injure my children, and he said what did I mean by that? I said I did not know what they would want to do in the near future on the death of their father. He said that was just a mere form to get my $750. I said the $750 was mine, as I was his widow. He said that was a form that they have to go

through to get the $750.'' She received the money and used it to pay on her property. Nothing was said about the $750 settling any claim as administratrix for the children. Practically the same conversation was related by Warren T. Gipe, and in addition she said to him: '' 'How about that, Warren ?' [referring to what she should do about signing the release]. I said: ' 'I do not know anything about it.' Eddy said: 'It is just a matter of form, and you must sign as widow and then as administratrix. Everything is all right.' ''

There is no relation of trust or confidence in this case. The parties were dealing at arm's length. There is nothing to indicate that appellant was not a woman of at least ordinary sagacity, or that she was not fully competent to understand and take care of her interests. She knew that she must sign the release as administratrix in order to get the $750. It is not claimed that any representations made by appellee's agent prevented appellant from reading the paper signed by her, or that she was thereby prevented from being fully apprised of its legal effect, or that she relied upon such statements, nor does it appear that she was deceived by the wording of the instrument, or that she did not understand its contents. It is apparent from her evidence that she had in mind a probable suit against the company for damages, and the probable effect of signing the instrument as administratrix was not overlooked or unconsidered by her. Two methods of settlement were in fact open to her: (1) The right to the immediate benefits from the certificate in the voluntary relief fund department, and (2) the right to pursue her remedy at law. The acceptance of one precluded her right to the other. *Baltimore, etc., R. Co.* v. *Ray* (1905), 36 Ind. App. 430; *Pittsburgh, etc., R. Co.* v. *Moore* (1899), 152 Ind. 345, 44 L. R. A. 638. It was a subject the parties might legally compromise and settle. *Pittsburgh, etc., R. Co.* v. *Gipe, supra.* The release on its face shows a settlement in compliance with the agree-

ment in the application for membership in said relief department. · This release should be upheld unless its execution was induced, as charged in the reply, by false representations of past or existing material facts, which were relied on by appellant, and whereby she was misled into a settlement she would not otherwise have accepted. *Bennett* v. *McIntire* (1889), 121 Ind. 231, 234, 6 L. R. A. 736.

5. This action was begun prior to the taking effect of the act of 1907 (Acts 1907, p. 46, §5308 Burns 1908). Fraud is never presumed. *Phelps* v. *Smith* (1888), 116 Ind. 387. It is a question of fact to be determined by the trial court or the jury which hears the evidence (*Tyler* v. *Davis* [1905], 37 Ind. App. 557), the burden resting on the party asserting it, and is established as any other essential fact in the case. *National State Bank* v. *Vigo County Nat. Bank* (1895), 141 Ind. 352, 50 Am. St. 330; *Personette* v. *Cronkhite* (1895), 140 Ind. 586.

On the question we are now considering, the burden of the issue was upon appellant, and, regarding the right of the trial court to direct a verdict, in *Westfall* v. *Wait,*

6. *supra,* it is said: "If the evidence was of such a character as to make it clear to the court that a verdict, if returned for appellant, on whom the burden of the issue rested, could not stand, then it became the duty of the court to direct a verdict for appellees, and there could

7. be no error in so doing," citing cases. See, also, *Goode* v. *Elwood Lodge, etc.* (1903), 160 Ind. 251, 256; *Williams* v. *Resener* (1900), 25 Ind. App. 132; *Burns* v. *Smith* (1902), 29 Ind. App. 181, 94 Am. St. 268. In respect to the right of the trial judge to direct a verdict against the party on whom the burden rests, the court in *Dunnington* v. *Syfers* (1901), 157 Ind. 458, said: "The rule to the effect that where there is a 'scintilla' of evidence the trial court must permit the case to be submitted to the jury for their determination does not prevail in this State."

*Oleson* v. *Lake Shore, etc., R. Co.* (1896), 143 Ind. 405, 32 L. R. A. 149; *Meyer* v. *Manhattan Life Ins. Co.* (1896), 144 Ind. 439; *Diezi* v. *Hammond Co.* (1901), 156 Ind. 583.

In the case at bar we have, to support the claim of fraud, the statements of appellee's agent, that the instrument presented to appellant for signature was just a mere form to get the $750, or was a form that they have to go through to get the $750, "everything is all right." Three rational inferences only could have been drawn from Eddy's statements: (1) His opinion as to the legal effect of the instrument, (2) a statement of a fact regarding a form of release the company required to be signed before paying the money, (3) "everything is all right," meaning that the release would not affect the rights of the children, and was a form necessary to get the money.

Admitting that the first and third inferences were misrepresentations as to the legal effect of the instrument, they would not amount to a legal fraud. *Burt* v. *Bowles* (1879), 69 Ind. 1; *Fry* v. *Day* (1884), 97 Ind. 348; *Mullen* v. *Beech Grove Driving Park* (1878), 64 Ind. 202, 207. In *Clem* v. *New Castle, etc., R. Co.* (1857), 9 Ind. 488, 489, 68 Am. Dec. 653, it is said: "As a general rule, a party who has been induced to execute an agreement, by reason of the fraudulent representations of the other party, may set up such representations in bar of an action on the agreement. But this rule is subject to various exceptions; and one of them occurs when the representations, though false, relate to the legal effect of the instrument sued on. Every person is presumed to know the contents of the agreement which he signs, and has, therefore, no right to rely on the statements of the other party as to its legal effect."

As to the second inference, if the company had actually adopted the form of release presented to appellant to sign, and there is nothing to the contrary, such representation was not untrue, and consequently not fraudulent. Therefore, applying the settled rules of law in this State to the evidence

claimed to support the allegations of fraud, the trial court did not err in directing a verdict for appellee.

Judgment affirmed.

Comstock, C. J., Roby, Rabb and Hadley, JJ., concur. Watson, P. J., absent.