WILLIAMS *v.* PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY.

[No. 9,473. Filed June 25, 1918.]

1. APPEAL.—*Record.—Instructions.*—Instructions not properly in the record will not be considered on appeal. p. 96.
2. APPEAL.—*Record.—Instructions.*—An entry, "and the court now instructs the jury to return a verdict in favor of the defendant, to the giving of which instruction the plaintiff excepts," is not sufficient to make the instruction part of the record. p. 97.
3. APPEAL.—*Record.—Instructions.*—As the act of 1907, Acts 1907 p. 652, in amending the act of 1903, Acts 1903 p. 338, omits the proviso for making oral instructions a part of the record, an entry made in accordance with such proviso did not make an oral instruction part of the record. p. 97.
4. APPEAL.—*Record.—Instruction.—Copying into Motion for New Trial.*—Copying an oral instruction into a motion for new trial is not sufficient to make the instruction part of the record. p. 98.
5. APPEAL.—*Record.—Instructions.*—Whether an instruction is oral or written, there is no authority for making it part of the record at a succeeding term of court, more than seven months after trial, by an entry ordering that an instruction be made part of the record without a bill of exceptions, and reciting that it was the only instruction in the cause and that it had been dated and filed in open court after being signed by the court and having plaintiff's exception indorsed thereon. p. 98.
6. APPEAL.—*Record.—Instructions.—Peremptory.* — A peremptory instruction, to be reviewed on appeal, must be made a part of the record in the manner as other instructions, and it is not

sufficient that the record shows that the verdict was directed by the court. (*Davis* v. *Mercer Lumber Co.* [1904], 164 Ind. 413, distinguished.) p. 98.

7. APPEAL.—*Review.—Evidence.—Sufficiency.—Scope of Review.*—In determining the sufficiency of the evidence, the court on appeal will consider only the evidence tending to support the verdict. p. 99.

8. CARRIERS.—*Carriage of Live Stock.—Delay in Shipment.—Proof of Damages.*—In an action by a shipper against a railroad company for delay in transporting live stock, even though the evidence established unreasonable delay, the shipper could not recover where there was no evidence from which the actual damages sustained could be ascertained. p. 99.

9. CARRIERS.—*Carriage of Live Stock.—Delay in Shipment.—Measure of Damages.—Proof.*—The measure of damages for unreasonable delay in the shipment of live stock or goods, in the absence of a contract in that regard, is the difference between the market value at their destination when they should have arrived and the value at actual delivery, and, in an action to recover for delay in transporting a shipment of horses, the requirements of such rule are not satisfied by evidence showing the value of the horses when placed in the cars and their value on their arrival at the point of destination. p. 100.

10. DAMAGES.—*Evidence.—Question for Jury.*—A jury must be furnished data from which it can estimate the extent of damages, and where there is a failure in this regard there can be no recovery. p. 101.

11. TRIAL.—*Directing Verdict.*—It was proper to direct a verdict where there was no evidence on which the jury could have properly returned a verdict other than that rendered, and the trial court would have been compelled to set aside a different verdict as not sustained by the evidence. p. 101.

12. APPEAL.—*Review.—Harmless Error.—Failure to Assess Nominal Damages.*—A judgment will not be reversed for failure to assess nominal damages. p. 102.

From Lake Superior Court; *Charles E. Greenwald,* Judge.

Action by Philemus Williams against the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Knight & Brown* and *J. Fred Masters,* for appellant.

*G. E. Ross,* for appellee.

BATMAN, J.—This is an action by appellant to recover damages for the breach of a written contract with appellee for the shipment of certain horses from Crown Point, Indiana, to Winamac, Indiana. The complaint is in two paragraphs, and in each paragraph the breach is based on an alleged unreasonable delay in shipment under such contract. Appellee filed an answer in two paragraphs, the first being a general denial and the second an affirmative paragraph, in which it alleges that the contract in suit contained the following provision:

> "That in the event of any unusual delay or detention of said live stock, caused by the negligence of the said carrier, or their employees, or otherwise, the said shipper agrees to accept as full compensation for all loss or damage sustained thereby, the amount actually expended by said shipper, in the purchase of food and water for the said stock while so detained."

That in consideration of such provision for limited liability, appellant was given a reduced rate for such shipment, and that by reason of said provision of such contract appellant's damages, if any, are limited as therein provided. To this affirmative paragraph of answer appellant filed a reply, the nature of which is not disclosed by the record, but appellant states in his brief that it was a general denial. On the issues thus formed the cause was submitted to a jury for trial, and at the close of all the evidence the court instructed the jury to return a verdict for ap-

pellee, which was done, and judgment rendered accordingly. Appellant filed a motion for a new trial, which was overruled, and this action of the court is the sole error assigned and relied on for reversal. Appellant alleged as reasons for a new trial that the verdict is not sustained by sufficient evidence, and is contrary to law, and that the court erred in its instruction to the jury.

Appellee contends that the instruction given the jury is not made a part of the record, and hence no question is presented with reference thereto.

1.   Instructions not properly in the record will not be considered on appeal. *Cronin* v. *Keesling* (1911), 50 Ind. App. 260, 98 N. E. 303. The jury was instructed on March 23, 1915. The only entry made with reference thereto at the time reads as follows: "And the court now instructs the jury to return a verdict in favor of the defendant, to the giving of which instruction the plaintiff excepts." On April 9, 1915, the following further entry was made: "The court's oral instruction to the jury is reduced to writing, dated, and plaintiff's written exception to the giving of the same is endorsed thereon, signed by the court, and filed with the Clerk; all of which is in these words and figures, to-wit: 'Gentlemen of the Jury, you are instructed by the court to return a verdict for the defendant.' This being the instruction given by the Hon. Charles Greenwald, Judge of the Lake Superior Court, sitting at Crown Point, Indiana, in the above entitled cause, the plaintiff does hereby except to the giving of said above instruction." On April 22, 1915, appellant filed a motion for a new trial, in which he alleged, as the fourth reason therefor, that the court erred in giving

the following instruction to the jury: "Gentlemen of the jury, you are instructed to find for the defendant." On November 5, 1915, the further entry was made: "Whereupon it is ordered by the court that all instructions and all exceptions to such be made a part of the record herein without a bill of exceptions, and they are in the following words and figures, to-wit:. 'Gentlemen of the jury, you are instructed to find for the plaintiff,' to the giving of said instruction the plaintiff excepts. Said instruction is the only instruction whatever of any kind in said cause and it was entered by the court on his docket with plaintiff's exception to the giving thereof immediately before it was given to the jury, March 23rd, 1915, and is in Order Book No. 2, page 243, and was later also reduced to writing by the plaintiff on April 9th, 1915, and signed by the court, plaintiff's exception indorsed thereon, dated and filed in open court." These are the only entries relating to the instruction given the jury.

It will be noted that there is no attempt to make the instruction in question a part of the record by a bill of exception. The entry, made at the time the instruction was given, does not disclose whether it was written or oral, but it is not sufficient to make the instruction part of the record in either event. Appellant evidently recognized this fact, and sought to make the instruction a part of the record by the subsequent entries. The entry of April 9, 1915, states that the instruction was oral, and appellant evidently sought thereby to have it made a part of the record in accordance with §1 of the act of March 9, 1903, Acts 1903 p. 338. This section, however, was amended in

1907. In the amended section the provision for making an oral instruction a part of the record in such manner is omitted. Acts 1907 p. 652, §561 Burns 1914. This entry therefore did not serve to bring the instruction into the record. Appellant's effort to make the same a part of the record by copying the same into his motion for a new trial was likewise unavailing. *Wood, Exr.,* v. *Matlock* (1897), 19 Ind. App. 364, 48 N. E. 384; *Raper* v. *American Tin-Plate Co.* (1900), 156 Ind. 323, 59 N. E. 937.

It will be observed that the last entry with reference to the instruction in question was made at a succeeding term of court, more than seven months after the trial of the cause. There is no authority for making an instruction a part of the record in this manner, whether it be a written or oral instruction. But appellant contends in effect that, inasmuch as the court instructed the jury to return a verdict for appellee, it is not necessary that the instruction appear formally in the record, but it is sufficient if the record shows that the verdict was directed by the court. The following decisions are against this contention. *Raper* v. *American Tin-Plate Co., supra; Kirklin* v. *Clark* (1912), 53 Ind. App. 358, 101 N. E. 753; *Cronin* v. *Keesling, supra.* In the latter case, however, this court inadvertently held that an oral instruction could be made a part of the record by having it reduced to writing, signed by the judge, and filed with the clerk before the close of the term, under §561 Burns 1908, *supra.* An examination of said section discloses that it does not so provide, but that it supersedes a section that contained such a provision.

Appellant relies on the case of *Davis* v. *Mercer Lumber Co.* (1904), 164 Ind. 413, 73 N. E. 899, to support his contention. In that case the question involved related to the sufficiency of a bill of exceptions with reference to the giving of·an instruction directing a verdict, rather than the necessity of making such an instruction a part of the record. In that case the bill of exceptions disclosed what directions the court gave with reference to returning a verdict and the court held the same sufficient. That was a different · question from the one presented in this case, and does not sustain appellant's contention. We conclude the instruction in question is not in the record, and therefore cannot be considered.

The only remaining reasons on which appellant bases his right to a new trial are that the verdict is not sustained by sufficient evidence, and is contrary to law. The only attempt to support these reasons under propositions and points, as required by clause 5 of Rule 22, governing the preparation of briefs, consists of their restatement, followed by certain facts on which it is claimed there was evidence, and a citation of authorities. These facts go to the questions of unreasonable delay in shipment and the damages sustained thereby, but no pages or lines of the record are given where the evidence to support the same may be found. It is well settled that in considering the sufficiency of the evidence in this court, only the evidence which tends to support the verdict will be considered. *Monongahela River, etc., Coke Co.* v. *Walts* (1913), 56 Ind. App. 235, 105 N. E. 160. When this is done in the instant case, it cannot be said that the evidence shows an unreasonable delay in ship-

ment.   But if the undisputed evidence had established unreasonable delay, and it be conceded that the provision set up in appellant's second paragraph of answer is invalid, as appellant contends, still he would not be entitled to recover for the reason that there is no evidence from which the actual damages sustained could be ascertained.   The measure of damages for unreasonable delay in the shipment 9.   of goods or live stock, in the absence of a contract in that regard, is the difference between the market value at their destination when they should have arrived and the value at actual delivery.   *Cleveland, etc., R. Co.* v. *Rudy* (1909), 173 Ind. 181, 89 N. E. 951; *Pittsburgh, etc., R. Co.* v. *Knox* (1911), 177 Ind. 344, 98 N. E. 295; *Pittsburgh, etc., R. Co.* v. *Wood* (1909), 45 Ind. App. 1, 84 N. E. 1009, 88 N. E. 709. In this case there was no evidence as to what the market value of such horses would have been at their destination, had there been no unreasonable delay, and hence there was no evidence from which the jury could have determined such damages.   The only evidence in the record on the question of the amount of damages sustained by reason of such delay relates to the value of the horses at Crown Point at the time of their loading and their value at Winamac on their arrival.   It is evident that appellant proceeded upon the theory that this difference in value was the proper measure of damages, but such is not the case.   One of the elements of damages made prominent by the evidence was the fact that, when the horses were loaded at Crown Point, they had been fed for the market and were in a good salable condition; that they had been groomed until their hair was sleek and made a good appearance; that when they reached

Winamac they had lost flesh and had shrunk in weight; that their hair was turned up and they looked rough; that they were gaunt and made a bad appearance. It is evident that a portion of this changed condition, and possibly the greater portion thereof, would necessarily have occurred, even if said shipment had been made without the alleged unreasonable delay, and to that extent such damage would not be chargeable to appellee. Under the evidence submitted, the entire damage to such stock from the point of shipment to the point of destination is combined under one estimate, and there was no means given the jury by which it could separate the same. It could therefore only speculate in that regard, which the law forbids. It has been decided by this court, and correctly so we believe, that a jury must be furnished data from which it can estimate the extent of the damages in question, and where there is a failure in this regard there can be no recovery. *Green* v. *Macy* (1905), 36 Ind. App. 560, 76 N. E. 264. As said in the case of *Connersville Wagon Co.* v. *McFarlan Carriage Co.* (1905), 166 Ind. 123, 130, 76 N. E. 294, 3 L. R. A. (N. S.) 709: "A person who would recover damages must show with that reasonable certainty required by law the nature and extent of his damages." A consideration of the record leads us to conclude that there is no evidence on which the jury could have properly returned a verdict for appellant for substantial damages, and that, if such a verdict had been returned, the trial court on application would have been compelled to set it aside as not sustained by the evidence. Under such circumstances it was proper for the court to direct a verdict in favor of

appellee. *Oleson* v. *Lake Shore, etc., R. Co.* (1896), 143 Ind. 405, 42 N. E. 736, 32 L. R. A. 149; *Cleveland, etc., R. Co.* v. *Heath* (1898), 22 Ind. App. 47, 53 N. E. 198; *Gipe* v. *Pittsburgh, etc., R. Co.* (1907), 41 Ind. App. 156, 82 N. E. 471; *Westfall* v. *Wait* (1905), 165 Ind. 353, 73 N. E. 1089, 6 Ann. Cas. 788. But should it be contended and conceded that there was evidence authorizing the assessment of nominal damages, the result must be the same, as this court will not reverse a judgment for failure to assess such damages. *Green* v. *Macy, supra; Woodhouse* v. *Powles* (1906), 43 Wash. 617, 86 Pac. 1063, 8 L. R. A. (N. S.) 783, 117 Am. St. 1079, 11 Ann. Cas. 54.

We find no reversible error in the record. Judgment affirmed.

NOTE.—Reported in 120 N. E. 46. See under (8) 10 C. J. 309; (11) 38 Cyc 1570.