JACKSON *v.* AMERICAN SECURITY COMPANY ET AL.

[No. 15,749. Filed February 16, 1938.]

654

*L. A. Douglass,* for appellant.

*Stotsenburg, Weathers, Minton & Phillips* and *Walter E. Prentiss,* for appellees.

LAYMON, C. J.—This is an action instituted by appellant to recover damages by reason of the repossession of an automobile which appellant alleged she had purchased from the Davis-Richardson Company. In addition to the credit allowed her for her used car, the balance of the purchase price was evidenced by appellant's note which provided for deferred payments in the sum of $30 per month. The appellees were made parties defendant to the action as alleged respective assignees of the note. Issues were joined by answers in general denial to the complaint which was in three paragraphs. The cause was submitted to a jury for trial, and, at the conclusion of appellant's [plaintiff below] evidence in chief, the court gave a peremptory instruction to the jury to return a verdict for the appellees. In accordance with the instruction a verdict was returned, and judgment was entered accordingly. In due time appellant filed her motion for a new trial which was overruled, and this appeal followed. Appellant assigns as error the ruling on said motion. The only question presented in this appeal is whether or not the trial court erred in giving the peremptory instruction.

The appellant and appellees agree upon the law authorizing a trial court to direct a verdict, but appellant

questions the sufficiency of the evidence to warrant the giving of such an instruction by the court.

Appellees have pointed out that there is no evidence in the record upon which the jury could have properly returned a verdict for appellant for substantial damages.

It must be borne in mind that in cases of this character, wherein damages are sought to be recovered, it is incumbent upon the claimant to show by evidence sufficient data from which the court or jury trying the case can estimate the extent of the damages in question, and where there is a failure in this regard there can be no recovery. *Green* v. *Macy* (1905), 36 Ind. App. 560, 76 N. E. 264; *Williams* v. *Pittsburgh, etc., R. Co.* (1918), 68 Ind. App. 93, 120 N. E. 46.

In the instant case there was no evidence as to what the value of the automobile in question was at or near the time it was taken from the possession of appellant. In the absence of such proof, the court or jury trying the case would have no criterion or data from which they could estimate the extent of appellant's damages, if any, and therefore could not properly return a verdict for appellant for substantial damages.

It follows, under such circumstances, that the court was authorized to direct a verdict. But should it be contended that there was evidence in the record authorizing the assessment of nominal damages, a contention which we do not believe tenable, the result must be the same, as this court will not reverse a judgment for failure to assess nominal damages. *Williams* v. *Pittsburgh, etc., R. Co., supra.*

Judgment affirmed.