MONTGOMERY *v.* POLK MILK CO. ET AL.

[No. 17,679.   Filed May 5, 1948.   Rehearing denied June 9, 1948.
Transfer denied September 29, 1948.]

*Seth Ward*, of Indianapolis, attorney for appellant.

*Homer Elliott*, of Martinsville, *John M. Miller, George C. Forrey III, Edward B. Raub, Jr., Burrell Wright, Jacob S. White*, all of Indianapolis, attorneys for appellees, for O'Connor Construction Company, Inc.

*James W. Fesler, Irving W. Fauver, Howard S. Young, Jr., David L. Chambers, Jr., and Jack D. Hawkins*, all of Indianapolis, attorneys for appellees, for Polk Milk Company, Inc.

HAMILTON, J.—This action was instituted by appellant against appellees to recover damages for personal injuries sustained by him as a result of collisions between motor vehicles, one of which was operated by the appellant, and the other two separately owned and operated by the appellees.

Appellant's amended complaint alleged in substance that at about six o'clock a.m. (CWT) on November 16, 1943, he was driving his motor vehicle in an eastward

direction on U. S. Highway No. 40 at a point east of the city limits of the city of Indianapolis, Indiana; that he signaled his intention to make a right-hand turn into a lane or driveway leading off of said highway to the south; that thereupon a bus owned and operated by the appellee, O'Connor Construction Co., Inc., and used for the purpose of transporting its employees and workmen, carelessly and negligently ran into and collided with the rear end of the motor vehicle driven by appellant, thereby severly injuring appellant and wrecking his vehicle; that as a result of said collision appellant was rendered unconscious; that appellant's vehicle, with appellant in it in such unconscious condition, was left standing on the highway and the employees and agents of said appellee O'Connor Construction Company, Inc., although physically able to rescue and remove appellant's body from his vehicle and away from the path of eastbound traffic upon said highway, negligently failed to remove his helpless body from said roadway to a place of safety and further negligently failed to give any proper signal to approaching motor vehicle traffic from the west; that a motor truck owned and operated by appellee, Polk Sanitary Milk Co., at said time approached the scene of said first collision from the west traveling east on said highway at the unlawful rate of speed of 50 miles per hour, and carelessly and negligently ran into and against the two previously wrecked motor vehicles and the helpless body of appellant and thereby inflicted further injuries and aggravated the injuries appellant had previously received; that the second collision occurred several minutes after the first; that all of the injuries suffered by appellant were caused proximately and concurrently by the negligence of both

appellees, O'Connor Construction Co., Inc. and The Polk Sanitary Milk Co., Inc.

Issues were joined by answers admitting and denying as provided by Rule 1-3, Rules of Supreme Court.

Upon the trial to a jury in the lower court, the evidence developed that the first motor vehicle that struck appellant's vehicle and injured him was owned and operated by a corporation known as J. C. O'Connor & Sons, Inc. The evidence showed further that the defendant, O'Connor Construction Company, Inc., was an Illinois corporation which had been duly admitted to transact business in Indiana; that J. C. O'Connor & Sons, Inc. was an Indiana corporation domiciled in Allen County, Indiana, and on November 16, 1943, was engaged in highway construction work on U. S. Highway No. 40 east of Indianapolis and was transporting its employees from Indianapolis to the place where the construction work was being done in the motor vehicle which struck appellant's vehicle and injured him as alleged in his amended complaint. The evidence established the fact that the executive officers of each corporation were the same persons and that one Taylor Asbury was the executive secretary in each corporation and was domiciled at Ft. Wayne, Allen County, Indiana.

The record discloses that in the original complaint filed on January 10, 1944, the defendants named therein were styled as Polk Milk Company, Inc. and O'Connor Construction Company, Inc. A summons was issued to the sheriff of Allen County, Indiana, for the defendant O'Connor Construction Company, Inc., and was duly served by said sheriff. The sheriff's return to said summons reads in part as follows:

"Comes to hand the 10 day of Jan. 1944 served the within writ on J. C. O'Connor & Sons, Inc. by reading to and within the hearing of Taylor

Ashbury, Sec. by leaving a true and certified copy of the same at the last and usual place of residence of the within named.

"Walter C. Adams
Sheriff Allen County, Indiana."

In the amended complaint the defendants were named and styled as "The Polk Sanitary Milk Co. and O'Connor Construction Company, Inc." No other summons was ever issued or served for J. C. O'Connor & Sons, Inc., except the one above mentioned. The appellant offered evidence sufficient to go to the jury upon the question of negligence upon the part of the Polk Sanitary Milk Company and J. C. O'Connor & Sons, Inc., in the manner as alleged in the amended complaint. He introduced evidence showing that he sustained a fractured skull and other serious and permanent injuries as a result of the first collision. There is no evidence in the record tending to establish any specific injuries received by him as a result of the second collision or any specific aggravation of the injuries previously received in the first collision. Appellees offered no evidence.

At the conclusion of appellant's evidence he filed a verified written motion to amend his amended complaint by correction of the name of the defendant, "O'Connor Construction Company, Inc.," to read "J. C. O'Connor & Sons, Inc." This motion was denied. Thereupon each defendant filed its motion for a directed verdict, which motions were sustained and the jury, in conformity to the court's instruction, returned a verdict for the defendants.

Appellant's motion for a new trial was overruled and this appeal perfected.

The errors properly assigned present two questions: 1. Did the trial court err in overruling appellant's verified written motion to amend and correct his amended

complaint by correcting the name of the defendant, "O'Connor Construction Company, Inc.," to that of "J. C. O'Connor & Sons, Inc.," and in directing a verdict for said named defendant? 2. Did the court err in directing a verdict for the defendant, "The Polk Sanitary Milk Co."?

The undisputed evidence in this case discloses that appellant was seriously and permanently injured as a result of a motor vehicle accident. Thereafter he instituted this action to recover his damages. In the original complaint he named as defendants two corporations, *viz:* The Polk Milk Co. and O'Connor Construction Company, Inc. It is evident that he intended to sue the owners of the two motor vehicles involved in the accident wherein he was injured. A summons was issued for each defendant corporation. The defendant, The Polk Sanitary Milk Co., appeared and filed a written motion asking that the plaintiff be required to correctly state the name of such defendant. This motion was sustained and appellant then filed his amended complaint giving the correct corporate name of The Polk Milk Company as above stated. The sheriff's return endorsed on the summons issued to the sheriff of Allen County, Indiana, for the defendant O'Connor Construction Company, Inc. showed that the sheriff of said county had served said summons upon "J. C. O'Connor & Sons, Inc. by reading . . . of Taylor Ashbury, Sec." An appearance was entered in said cause by counsel on behalf of the defendant designated "O'Connor Construction Company, Inc." Said attorneys filed an affidavit for a change of venue from Marion County, where said action was filed, and thereupon the cause was venued to the Morgan Circuit Court. The "J. C. O'Connor & Sons, Inc.," an Indiana corporation, domiciled in Allen County, Indiana, was the

owner and operator of the motor vehicle involved in the collision wherein appellant was injured. The defendant named in the complaint "O'Connor Construction Company, Inc." was an Illinois corporation, licensed to do business in Indiana, but was not concerned in any manner with the motor vehicle or its operation, which struck and injured appellant.

The officers of the Indiana corporation, "J. C. O'Connor & Sons, Inc.," and the officers of the Illinois corporation, "O'Connor Construction Company, Inc.," named as defendant in the complaint, were one and the same. Taylor Ashbury was secretary of each corporation, and he was the officer upon whom service of summons was had. "J. C. O'Connor & Sons, Inc." raised no question as to misnomer, neither did "O'Connor Construction Company, Inc." raise any such question, but voluntarily entered an appearance in said cause and filed its answer in denial.

As a matter of fact service of summons was had upon the corporation whose motor vehicle was involved in the accident and this was the corporation intended to be sued. The right defendant corporation was sued by a misnomer but service of process was had upon the right defendant by reading the summons to its secretary, an executive officer of the corporation, and no question was raised as to the service of summons or the return endorsed thereon.

In the early case of *New Albany and Salem Railroad* v. *Laiman* (1856), 8 Ind. 212, the defendant was sued in the name of James Brooks, President of the New Albany and Salem Railroad, and directors. Afterwards, on motion of the plaintiff, the name of the defendant was designated as "New Albany and Salem Railroad Company" and the cause docketed as a case against the "New Albany and Salem Railroad

Company." This action was alleged as error and in its decision our Supreme Court, on page 214 of 8 Ind. said: "The complaint, as originally filed, was defective, because it misnamed the party intended to be sued. Now, the only question seems to be, was the defect amendable? . . .

"It is true, as contended, the Court has no power to substitute a defendant; but in this case, there has been no such substitution. *The amendment simply corrected a misnomer of the real defendant intended to be sued, and upon whom process had been duly served.* In the action of the Circuit Court we perceive nothing in conflict with the rights of the defendants. *The amendment was evidently in furtherance of justice,* and was, therefore, sanctioned by a statutory rule of practice." (Our emphasis.)

This language was quoted with approval in the later case of *Wiggam Milk v. Johnson* (1938), 213 Ind. 508, 513, 13 N. E. 2d 522; and also by this court in the case of *Goldblatt Bros., Inc.* v. *Parish* (1941), 110 Ind. App. 368, 377, 378, 33 N. E. 2d 835.

It is also settled law that where a corporation, which should have been named as the real defendant, has filed an answer in the name of the nominal defendant, employed counsel to make defense and controlled the defense from the time of service of process, such corporation would be bound by the judgment in such action. *Schmidt* v. *Louisville, Cincinnati & Lexington Railway Co.* (1896), 99 Ky. 143, 35 S. W. 135, 36 S. W. 168; See note, 139 A. L. R. 9; *Deep Vein Coal Co.* v. *Dowdle* (1946), 224 Ind. 244, 66 N. E. 2d 598, 603.

Upon the facts disclosed by the record as we have stated them and the law as declared in the foregoing

authorities we conclude that the court erred in overruling appellant's motion to amend his amended complaint by correcting the name of the defendant, "O'Connor Construction Company, Inc.," to that of "J. C. O'Connor & Sons, Inc."

In support of his contention that the court erred in directing a verdict for the appellee, The Polk Sanitary Milk Co., appellant maintains that where two or more tort feasors contribute to an accident resulting in injury to an innocent third person, such injured party may maintain his action for damages against any or all of such tort feasors; that the liability is several and the last tort feasor is liable for all damages even though the injury was inflicted solely by the first tort feasor, citing: *Hoesel* v. *Cain; Kahler* v. *Cain* (1944), 222 Ind. 330, 345, 53 N. E. 2d 165; *Jackson* v. *Record, Admr.* (1937), 211 Ind. 141, 145, 5 N. E. 2d 897; *Inter State Motor Freight System* v. *Henry* (1942), 111 Ind. App. 179, 189, 38 N. E. 2d 909.

These cases support the general proposition as asserted by appellant; however, we are unable to agree that they are applicable to the facts disclosed by the record in this cause. In the instant case there were two separate accidents, unrelated and independent of each other, with an interval of from five to seven minutes between each accident. The negligence, if any, of the operator of the motor vehicle causing the second accident, had absolutely nothing to do with the proximate cause of the first accident, and the record is devoid of any testimony tending to prove that any alleged negligent act on the part of the driver of the motor vehicle owned and operated by appellee, The Polk Sanitary Milk Co., caused any of the appellant's injuries or aggravated any specific injury which he had

received in the first, or prior, accident. Under such circumstance we think that the correct rule to be applied is that stated by the Supreme Court in the case of *L. S. Ayres & Company* v. *Hicks* (1942), 220 Ind. 86, 96, 40 N. E. 2d 334, wherein the court said: "In no event could the appellant be held liable for injuries that were not the proximate result of its negligence. The apportionment of the damages under such circumstances has been recognized by the practice in this State. . . . Since the appellee was only entitled to recover for an aggravation of his injuries, the jury should have been limited and restricted in assessing the damages to the injuries that were the proximate result of the appellant's actionable negligence." *The Louisville, New Albany and Chicago Railway Co.* v. *Falvey* (1885), 104 Ind. 409, 424, 3 N. E. 389; *The Standard Oil Co.* v. *Bowker* (1895), 141 Ind. 12, 17, 40 N. E. 128.

It is fundamental that appellant carried the burden of proving by competent evidence that the injuries he sustained were the proximate result of one or more of the negligent acts alleged in his complaint against the appellee, The Polk Sanitary Milk Co., or that some specific injury which he received in the first accident was aggravated by some one or more of said appellee's alleged negligent acts. In the absence of such evidence, it was proper for the court to direct a verdict in favor of the appellee, The Polk Sanitary Milk Co. *Jackson* v. *American Security Co.* (1938), 104 Ind. App. 653, 655, 12 N. E. 2d 986; *Green* v. *Macy* (1905), 36 Ind. App. 560, 566, 76 N. E. 264.

Therefore, in view of the record, we conclude that the court did not err in directing a verdict for the appellee, The Polk Sanitary Milk Co.

Judgment affirmed as to the appellee, The Polk Sanitary Milk Co., and reversed as to the appellee, O'Connor Construction Co., Inc., with directions to the trial court to grant appellant's motion for a new trial as to said named appellee and to sustain his motion to amend the amended complaint by correcting the name of the defendant, O'Connor Construction Co., Inc., to that of "J. C. O'Connor & Sons, Inc." and for further proceedings not inconsistent with the views expressed herein.

NOTE.—Reported in 79 N. E. 2d 108.