GEWARTOWSKI *v.* TOMAL ET AL.

[No. 18,584. Filed January 13, 1955. Rehearing denied February 8, 1955. Transfer denied June 1, 1955.]

482

*Kizer & Neu,* of Plymouth, for appellant.

*Paul E. Reed,* of Knox, for appellees.

ROYSE, P. J.—Appellant brought this action for damages for breach of a sales contract between the parties wherein appellees agreed they would not carry on any competitive business within Starke County, Indiana. Issues were formed on appellant's complaint and ap-

pellees' answer in three paragraphs. The first denied the allegations of the complaint. The second alleged the contract was void because it is against public policy, and the third alleged there was no consideration. Appellant filed reply to the second and third paragraphs denying the allegations of the answer.

The cause was tried to a jury. At the conclusion of appellant's evidence the trial court sustained appellees' motion to instruct the jury to return a verdict for appellees. The error assigned here is the overruling of appellant's motion for a new trial. The specifications of that motion are, that the verdict is not sustained by sufficient evidence and is contrary to law; error in sustaining appellees' motion for a directed verdict, and in giving peremptory instruction to return a verdict for appellees.

The facts disclosed by the record may be summarized as follows: For some time prior to April 7, 1948, appellees owned and operated a summer resort at Bass Lake in Starke County. On said date the parties entered into a written agreement under the terms of which appellant purchased from appellees said business with the real estate, personal property, etc., for the sum of $32,000.00 on certain specified terms. The provision of the agreement which gives rise to this litigation is as follows:

"That the sellers shall not start any competitive business within this county of this nature for a period of ten (10) years from date of this contract and inasmuch as they had a like agreement from Mr. and Mrs. Tomassi, they, the said sellers will indemnify this purchaser in the event the Tomassis should attempt to start any competitive business during the term specified in this contract."

The resort which was the subject of this action was known as Paradise Resort. It consisted of a large

house, about sixteen cottages, a central dining room, and a recreation hall. Patrons were served three meals a day in the dining room. The cottages were not modern and did not have facilities for cooking.

In July, 1948, appellees purchased a resort known as Grandview on Bass Lake in Starke County, located about one mile from Paradise Resort. Grandview consisted of a large house and a garage which had been divided into three cabins. Subsequently they built additional cottages and they have operated said resort from 1948 continuously. There is some dispute in the evidence as to whether appellees served meals to their guests at Grandview. However, considering as we must here only the evidence most favorable to appellant, we believe there was evidence from which it could be reasonably inferred that they did at times serve meals to their guests.

Appellant contends the evidence shows without dispute that appellees have violated the above referred-to provision of their contract of sale; that such provisions in contracts for the sale of business are valid and enforcible either in an action for breach of contract or for injunctive relief. We agree with both of the foregoing contentions of appellant. *Bennett et al.* v. *Carmichael Produce Company* (1916), 64 Ind. App. 341, 115 N. E. 793.

Appellant contends there is evidence in the record from which it might reasonably be inferred that the good will of the business at the time of purchase was $8,000.00, and that appellees' violation of the contract completely destroyed the good will of her business. (There was no reference to good will in the written contract between the parties.) She bases this contention on the fact that two expert witnesses testified the fair market value of the buildings and grounds of Para-

dise Resort was $23,500 to $24,000 at the time of her purchase; that since she paid $32,000 for the property the good will of the business was $8,000.

The term "market value" has been defined as "what a willing buyer or purchaser would pay in cash to a willing seller under ordinary and usual circumstances." 55 C. J. S. 794.

In this case the purchase was on an installment contract with a down payment of $5,000, the balance to be paid in monthly installments within five years. It is a matter of common knowledge that there is a difference in the market or cash value, and value of property purchased on the installment plan. However, conceding without deciding that upon the foregoing facts it could reasonably be inferred that the good will of Paradise Resort at the time of the contract herein was $8,000, that fact alone would not be sufficient to prove appellant had been damaged.

In our opinion it was also incumbent upon appellant to show that the good will of the business had been impaired or destroyed, or that there had been a loss in the value of the property, or a loss of profits by reason of appellees' breach of the contract. In the record before us there is not a scintilla of evidence from which it might be reasonably inferred that appellant sustained any such impairment or loss.

While it is true that in cases of this kind the amount of damages is generally not susceptible of exact measurement and must rest largely in the discretion of the jury, the jury must have some evidence as to the damages sustained. In other words, an award of damages cannot be based on mere speculation or on conjecture.

In Page on the Law of Contracts, Vol. 6, §3218, the

rule which has generally guided the courts on this subject is stated as follows:

"If one who has entered into a valid contract not to engage in a certain business, breaks such contract, and competes with the promisee, the only available measure of damages is the amount of profits which the promisee has lost by reason of such breach, together with the diminution in value, if any, of the property which the promisee purchased from the promisor under the contract for the sale of his business, and the like, of which the covenant not to compete was a part. In spite of the fact that this rule permits the recovery of profits, it has been adopted by the courts, as the only alternative to denying recovery. If the promisee is unable to show the amount of profits which he has lost by reason of such breach, he can recover only nominal damages. He can not recover the profits which the promisor has earned in such competing business. The net result of these rules is that, in most cases, it is impossible for the promisee to recover any adequate compensation for his loss; and, accordingly, covenants to pay liquidated damages in cases of this sort, are treated more favorably in most cases; and relief is given by injunction on the theory that the legal remedy is inadequate."

Appellant finally contends that even if there was not sufficient evidence of substantial damages, she clearly was entitled to nominal damages.

Even if it be conceded appellant was entitled to nominal damages, this court will not reverse for such reason. *Green, Receiver* v. *Macy* (1905), 36 Ind. App. 560, 566, 76 N. E. 264; *Jackson* v. *American Security Company et al.* (1938), 104 Ind. App. 653, 655, 12 N. E. 2d 986.

Therefore, the judgment is affirmed.

NOTE.—Reported in 123 N. E. 2d 580.