BOND *v.* SNYDER CONSTRUCTION CO., INC.

[No. 20,648. Filed March 12, 1968. Rehearing denied
April 4, 1968. Transfer denied June 26, 1968.]

*James R. Seidensticker, Jr., Donald R. Anderson,* of counsel,
*Bose, Buchanan, McKinney & Evans,* of Indianapolis, for appellant.

*Robert H. Orbison,* of Indianapolis, of counsel, and *Baker
and Orbison,* of Indianapolis, for appellee.

PRIME, J.—This is an action brought by appellee against
appellant based upon an alleged breach of contract between

the parties regarding the sale and auctioning of certain equipment owned by appellee.

Appellant filed a counterclaim against appellee based upon the breach of a rental agreement involving a heavy duty tractor.

The issues in this case were whether appellant breached a contract between the parties regarding the sale and auction of certain heavy duty equipment owned by appellee, in that an adequate accounting of the proceeds was not made to appellee; and whether appellee breached a rental agreement entered into with appellant; and further, the amount of damages, if any, suffered by the parties as a result of the alleged breaches of contract.

The issues were decided adversely to appellant. The Judge found in favor of appellee against appellant in the amount of Four Thousand Three Hundred Sixty-Seven and 33/100ths Dollars ($4,367.33) and judgment was entered accordingly, with costs being assessed against appellant.

Appellant filed a Motion for New Trial which was overruled. This is the error assigned.

The Motion for New Trial set out the following grounds:

1. Error in the assessment of the amount of recovery, in that the amount is too large.

2. The decision of the Court is not sustained by sufficient evidence.

3. The decision of the Court is contrary to law.

The facts may be set out in this wise:

The appellee Snyder operated a contracting business in Vincennes, Indiana. He used considerable heavy machinery such as cranes, bull dozers, ditch diggers and other equipment both large and small.

Needing cash, Snyder decided to sell a considerable amount of his machinery which he did not need or at least did not use a great deal.

He called the Stultz-Bond Co. in Indianapolis concerning the disposition of the property. Stultz-Bond was an auction company which specialized in auctioning used machinery. This company was an individual firm owned by Henry S. Bond.

An agreement was made between Snyder and Bond to sell the machinery at auction at the Bond location in Indianapolis.

The record shows that several truck loads of equipment were trucked from Vincennes to Indianapolis. A listing was made and the appellant proceeded to dispose of the items. A sale was held after being advertised in trade journals and other publications according to custom. The appellee stated that he attended the first sale but none thereafter. Several subsequent sales were held at the auction house. The testimony showed that several items were sold and many items unsold. Some of the material is still in the auction lot according to the testimony.

It should be mentioned that most of the larger pieces were under mortgage to C. I. T. Corporation and U. S. Fidelity and Guaranty Co. Several of the larger items were sold and the appellant applied the money to the mortgages. This was agreed to by the parties.

During this period of time while the property was being sold, Snyder had need of a heavy duty tractor which was the property of Bond. Snyder rented this tractor from Bond for $1,000.00 per month. He used it for three months in Illinois and then returned it. The rent was not paid and the appellant filed a counterclaim for this rent which is part of this law suit.

The trial was held to the court without jury and the entire case centered around the question of what was sold and for how much and whether or not a property accounting was made.

We have read the evidence set out in the briefs and we are unable to find any evidence from which the Court could arrive at its finding and decision that the appellee was entitled

to Four Thousand Three Hundred Sixty-Seven and 33/100ths Dollars ($4,367.33).

The testimony from both sides was unclear, evasive and downright impossible of comprehension. Both parties were guilty of sloppy bookkeeping, failure to communicate intelligently, and the testimony was repetitious and confusing.

This Court is ever mindful of the long standing rule against weighing evidence in this Court and we are not doing so now.

The record here is so opaque that any amount of damages is impossible of exact measurement.

To sustain an award such as we have here there must be some evidence of the damages sustained. Such an award cannot be based on speculation or conjecture. *Gewartowski* v. *Tomal, et al.* (1955), 125 Ind. App. 481, 123 N. E. 2d 580; *Irving* v. *Ort* (1957), 128 Ind. App. 225, 146 N. E. 2d 107; *Lowe* v. *Turpie* (1896), 147 Ind. 652, 44 N. E. 25.

Under errors specified in this cause, we are required to consider the evidence most favorable to the appellee in determining whether the cause should be reversed or affirmed. From a consideration of the evidence in the record, we conclude that there is a lack of substantial evidence of probative value to sustain the finding and decision of the trial court on the question of the amount of damages assessed against the appellant and in favor of the appellee.

The judgment is reversed and a new trial ordered.

Judgment reversed.

Carson, C. J., Faulconer, J., concur.

Cooper, J., concurs in result.

NOTE.—Reported in 234 N. E. 2d 659.