Nov. Term,
1856.

New Albany
and Salem
Railroad Co.
v.
Laiman.

---

The New Albany and Salem Railroad Company, *v.*
Laiman.

A misnomer of the real party intended to be sued, upon whom process has been served, may be corrected by amendment.
Such an amendment does not amount to a substitution of a defendant.

Saturday,
November 29.

APPEAL from the *White* Circuit Court.

Davison, J.—*Rachel Laiman* filed a complaint against *James Brooks,* president of the *New Albany* and *Salem* Railroad Company, and directors, before a justice of the peace. Process issued by the justice was returned, indorsed as follows:

Nov. Term,
1856.

NEW ALBANY
AND SALEM
RAILROAD CO.
v.
LAIMAN.

"Received this writ *August* 28th, at 3 o'clock, and served at 5 o'clock, same evening, on the conductor. *Joseph Chamberlain,* Const."

On the day of trial the parties appeared, and a trial was had, upon which it appeared in evidence that the plaintiff had delivered on the passenger train of said company, a trunk containing articles of property worth 50 dollars, to be safely carried, which trunk was not delivered at its place of destination, but was wholly lost to the plaintiff.

The trial resulted in a judgment against the defendant, from which he appealed.

A bill of exceptions taken by the company, who are the appellants, shows that in the Circuit Court the plaintiff moved that the constable who served the process issued by the justice, be allowed to amend his return. This motion was resisted, but sustained by the Court, and the amendment made in these words:

"I, *Joseph Chamberlain,* a constable, &c., certify that I served the within writ upon the conductor of a passenger train of cars belonging to the *New Albany* and *Salem* Railroad Company—said conductor being at the time an agent of that company. Service made *August* 28th, 1854. *Joseph Chamberlain,* Const."

After this the said *James Brooks* moved to dismiss the suit for want of a sufficient cause of action; but, pending his motion, the plaintiff asked leave to amend her complaint so as to read "*New Albany* and *Salem* Railroad Company," instead of "*James Brooks,* president of the *New Albany* and *Salem* Railroad Company, and directors,"—which leave was granted on the condition that the plaintiff pay all the costs which had accrued up to the time of such amendment. And the amendment having been made, the motion to dismiss the suit was overruled, and it was thereupon ordered that the cause be docketed, and proceed against the *New Albany* and *Salem* Railroad Company as defendants. To these rulings the company excepted, and the case was continued.

Nov. Term,
1856.

New Albany
and Salem
Railroad Co.
v.
Laiman.

The record shows that at a subsequent term the following proceedings were had:

"*Rachel Laiman* v. *New Albany and Salem Railroad Company.* Come the parties by their attorneys, and by consent this cause is submitted to the Court for trial, and the Court having heard the evidence, &c., find for the plaintiff 58 dollars."

Upon this finding judgment was rendered, &c.

The subject-matter of the suit at once shows that the plaintiff, when she commenced it, intended to sue the *New Albany* and *Salem* Railroad Company as a common carrier; and the process having been served on the conductor of a passenger train belonging to that company, was, no doubt, sufficient notice to them of the pendency of the suit. 2 R. S. p. 35, ss. 36, 37.—Acts of 1853, p. 113. But the complaint, as originally filed, was defective, because it misnamed the party intended to be sued. Now, the only question seems to be, was that defect amendable?

In *Weaver* v. *Jackson*, 8 Blackf. 5, "The defendant, on the calling of the cause, put in a plea for a misnomer, stating that he was sued by the christian name of *William*, when in fact his christian name was *Boston*. The plaintiff admitting the plea to be true, and having proved that the process had been served on the real defendant, *Boston Weaver*, moved for leave to amend the declaration by striking out *William* and inserting *Boston*. The motion was granted and the declaration amended accordingly." *Held*, that the leave was correctly given. This authority seems to be in point.

It is true, as contended, the Court has no power to substitute a defendant; but in this case, there has been no such substitution. The amendment simply corrected a misnomer of the real defendant intended to be sued, and upon whom process had been duly served. In the action of the Circuit Court we perceive nothing in conflict with the rights of the defendants. The amendment was evidently in furtherance of justice, and was, there-

fore, sanctioned by a statutory rule of practice. 2 R.
S. p. 48, s. 99.

*Per Curiam.*—The judgment is affirmed with 10 per
cent. damages and costs.

*H. W. Chase* and *J. A. Wilstach*, for the appellant.

*S. A. Huff, Z. Baird* and *J. M. Larue*, for the appellee.