FRANCIS HUGHES, a Minor, by her Guardian, WALTER C. BENTRICK, *vs.* DIAMOND MATCH COMPANY, a Corporation of the State of Connecticut.

*Application on the part of the Plaintiff to Amend Writ and Declaration.*

Where a party is sued as a corporation of the State of Connecticut, the Court will refuse to allow the writ and declaration to be amended by the plaintiff so as to make the defendant a corporation of the State of Illinois, on the ground that it would be substituting and making an entirely new and distinct party.

(*December 11, 1897.*)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.
*William S. Hilles* for the plaintiff.
*J. Frank Ball* for the defendant.

Superior Court, New Castle County, November Term, 1897.

ACTION on the case (No. 144 to Feb. T. 1897.) An affidavit made by the plaintiff was filed, alleging among other things, the following:

"That she is the plaintiff in the above stated action; that she was sixteen years of age on the twenty-seventh day of February, A. D. 1897; that she was employed, as stated in the declaration filed in the above stated cause, by Diamond Match Company, which company, during all the time of her employmant, was engaged in the business of manufacturing matches in the City of Wilmington and State of Delaware; that the said defendant company was, during all the time of the employment of the said plaintiff, a corporation duly existing under the laws of the State of Illinois; that in bringing the above stated action, it was a mistake in description to call the said defendant company corporation a corporation of the State of Connecticut, the said company, in fact, being a corporation of the State of Illinois; that the summons in the above stated case was served on R. L. Shetter, the manager of the Diamond Match Company, a corporation existing under the laws of the State of Illinois; that the Honorable J.

Frank Ball, who entered an appearance in the above stated suit, was the attorney for the Diamond Match Company, a corporation of the State of Illinois, and as such attorney entered his appearance in the above stated case."

*Mr. Hilles*, for the plaintiff, thereupon moved to amend his declaration by striking out the word " Connecticut" wherever the same occurred in said declaration, and substituting in lieu thereof the word " Illinois."

Plaintiff's counsel cited in support of his motion the following authorities:

*Benjamin Ectr. of DuBois, 2 Harr., 316; Ency. of Pleading and Practice, Vol. 1, p. 537, under "Misdescription of Plaintiff;" Constitution of Delaware, Article 4, Section 24; 82 Hun., 575; Munser vs. Courier Co., 49 Pa. St., 83; 43 Wis., 473.*

*Mr. Ball*, for the defendant, objected to the amendment on the following grounds:

That the amendment submitted by Mr. Hilles for the plaintiff introduces or substitutes a different defendant and a new cause of action.

That the " Diamond Match Company under the laws of the State of Connecticut " and the " Diamond Match Company under the laws of the State of Illinois," are separate and different corporations, having no connection whatever, but each having a distinct legal entity.

That assuming it to be true that a mistake had been made in the name of the defendant, this does not avoid the difficulty. The suit was constructively commenced only against the parties who were named as defendants. It is not a case of mere misnomer; it is a case of a suit brought against one corporation upon a demand existing against another.

That an amendment which introduces or substitutes different parties to the cause of action is inadmissible.

*Emerson vs. Williams, 11 Vt., 359; Elliott vs. Clark, 18 N. H., 421; Shuyler vs. Myers, 5 Lansing, 170; Bassett vs. Fish et al., 75 N. Y., 303; N. Y. Milk Pan Asso. vs. The Remington*

*Agri. Works, 89 N. Y., 22 (Reversing Decision in 25 Hun., 475); The Maritime Bank vs. Rand, 24 Conn., 9; Ency. of Pleading and Practice, Vol. 1, p. 545.*

LORE, C. J:—We think this is not a matter of description, but that it is substituting and making an entirely new and distinct party. We therefore refuse the motion to amend.

———•———

HIRAM M. THOMAS *vs.* ADAMS EXPRESS COMPANY.

*Application to Superior Court in New Castle County to Open Judgment Entered in Kent County.*

1. The Superior Court sitting in New Castle County will not entertain jurisdiction of a judgment entered by the Superior Court sitting in Kent County.

2. Section 3, Chapter 102, Revised Code, does not authorize such judgments to be taken off upon application to the Superior Court sitting in any other county than the one in which the judgment was entered.

3. The constitution and jurisdiction of the several courts under the Constitution of 1897, defined.

*(December 11, 1897.)*

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.
*Arley B. Magee* for the rule.
*John D. Hawkins* contra.

Superior Court, New Castle County, November Term, 1897.
A rule was issued (Spruance, J., dissenting,) at this term to show cause why a judgment entered by default in Kent County against the defendant company should not be opened and the defendant permitted to appear. At the hearing upon the rule, Mr.