WIGGAM MILK CO. *v.* JOHNSON.

[No. 27,039. Filed March 10, 1938.]

*Carl Lee Compton,* for appellant.

*Joseph K. Brown,* and *E. L. Johnson, Jr.,* for appellee.

ROLL , C. J.—Appellee brought this action in the Marion Superior Court to recover damages for a personal injury occasioned by an automobile collision. The appellant was named in the caption of the complaint as "Wiggam Milk Company, Inc., 1050 W. 31st street." In the body of the complaint it was alleged "that on the 18th day of September, 1935, at about the hour between six (6) and seven (7) o'clock p. m., he was driving his automobile on and along Tenth street going east, and defendant Wiggam Milk Company by its agent Elsey Eubank was driving said defendant's truck, license number T 12965, etc."

Summons was issued for the defendant, which summons in part reads as follows: "You are hereby commanded to summons Wiggam Milk Company Inc., Thomas B. Wiggam, President and A. Corbell, Secretary."

The return of the Sheriff reads as follows: *"Sheriff's Return.* Came to hand September 24, 1935, and served the within named Wiggam Milk Company Incorporated by reading this writ to, and within the hearing of Thomas B. Wiggam, President of said company and delivered to him a true copy thereof, he being the highest officer of said company found within my bailiwick.

September 24, 1935, Otto Ray, Sheriff of Marion County per Sullivan, Deputy."

The defendant appeared to said action and filed answer in general denial. On December 17, 1935, the following entry was made in said cause: "Come now the parties and by counsel and this cause being at issue it is now submitted to the court for trial and by agreement of the parties the court finds for the plaintiff that he is entitled to recover of the defendant, Wiggam Milk Company, Inc., the sum of $450.00 damages and the cost herein.

"It is, therefore, considered and adjudged by the court that the plaintiff have and recover of and from the defendant, Wiggam Milk Company Inc., the sum of $450.00 damages and the costs herein expended and taxed at ............."

Afterwards on the 19th day of February, being the fourteenth Judicial day of February term of said court, the plaintiff filed a verified petition to modify the judgment in which petition he alleged that the defendant denied that it was a corporation and that the true name of the defendant was the Wiggam Milk Company and asked the court to change the name of the defendant in the judgment from the Wiggam Milk Company Inc. to the Wiggam Milk Company.

The defendant appeared to this petition and objected to such modification. The court sustained plaintiff's petition and the name of the defendant was changed as prayed in said verified petition. To this action of the court the appellant excepted and this is the only error assigned on this appeal.

Appellant contends that the judgment herein being a consent judgment the court after the term at which it was rendered had no authority to modify or change the judgment in any manner. Appellant contends that the case was not in *fieri* after the

close of the term, but the record shows that the appellant appeared to said petition filed on February 17th and took exceptions to the ruling of the court. The court had jurisdiction of the subject-matter and jurisdiction of the parties, therefore, the court committed no error on the ground that the court was without jurisdiction. The modification made by the court in changing the name of the defendant from the Wiggam Milk Company Inc. to the Wiggam Milk Company is in no sense a material change. It is clear from the record that the Wiggam Milk Company was the party intended to be sued. The Sheriff's return shows that the President of the company was personally served with summons. The Wiggam Milk Company appeared by attorney and filed answer in general denial; no objection was made at any time by appellant to being sued in the name of Wiggam Milk Company Incorporated. The address of the defendant was named in the caption of the complaint, the name of the driver of appellant's truck was designated in the complaint, and the license number of defendant's truck was set out in the complaint.

If appellant wished to be sued in its correct name it should have made objections at the proper time. The judgment as rendered was binding upon the defendant even though designated as the Wiggam Milk Company Incorporated. Appellant in his motion to set aside the judgment as modified upon plaintiff's petition nowhere denied that the Wiggam Milk Company Inc. was in fact the same party as the Wiggam Milk Company.

Appellant, at the time it entered its appearance in said cause and filed answer in general denial, knew that the defendant was designated as the "Wiggam Milk Company, Inc." and knew that the judgment was entered accordingly. It is clear from all the facts who was intended to be sued. Appellant by its action recognized that it was the real defendant in the action. It might be

concluded that appellant conceived the notion that by permitting judgment to be entered against the "Wiggam Milk Company Inc." it would be able to escape, and that its property would not be subject to execution because no property could be found in the name of the "Wiggam Milk Company Incorporated," and, therefore render fruitless plaintiff's judgment. If this were true this court would not affirm or assist in any such "sharp practice," but on the contrary would condemn it in severest terms.

We dislike to attribute such a motive to the attorney for appellant or to the appellant himself. We assume that the judgment must have been rendered in good faith and that when said judgment was entered with the consent of appellant and its attorney that it was meant to be a judgment against the defendant and meant to be binding upon them.

In the case of *Boland* v. *Caludel* (1914), 181 Ind. 295, 104 N. E. 577, was a case in which one of the appellants was sued by the wrong name. It appeared to the action and filed an answer in general denial. After full appearance it filed a plea in abatement setting up the fact that it was sued in its wrong name and set forth its correct name. Upon motion this plea in abatement was stricken out and such action was assigned as error. The court in passing upon this question said p. 297 : "A special appearance and a plea in abatement after a full appearance comes too late and should be stricken from the files. If appellant was sued by the wrong name, it could, on motion made at any time during the progress of the trial, have the proper name inserted in the pleading ; but in no event will it be cause to abate the action if, in fact the proper party in interest has been served with summons and has appeared to the action."

In the case of *New Albany and Salem Railroad Company* v. *Laiman* (1856), 8 Ind. 212, the defendant was

sued in the name of James Brooks, President of the New Albany and Salem Railroad Company and Directors. Afterwards on motion of plaintiff the name of the defendant was designated as "New Albany and Salem Railroad Company and the cause was then docketed as a case against the New Albany and Salem Railroad Company. The correctness of this procedure was questioned on appeal and the court said p. 214: "The subject-matter of the suit at once shows that the plaintiff, when she commenced it, intended to sue the *New Albany* and *Salem* Railroad Company as a common carrier; and the process having been served on the conductor of a passenger train belonging to that company, was, no doubt, sufficient notice to them of the pendency of the suit. . . . But the complaint, as originally filed, was defective, because it misnamed the party intended to be sued. Now, the only question seems to be, was the defect amendable? . . .

"It is true, as contended, the court has no power to substitute a defendant; but in this case, there has been no such substitution. The amendment simply corrected a misnomer of the real defendant intended to be sued, and upon whom process had been served. In the action of the Circuit Court we perceive nothing in conflict with the rights of the defendants. The amendment was evidently in furtherance of justice, and was, therefore, sanctioned by a statutory rule of practice."

It is true as contended by appellant that a court has no authority or power to modify or change a consent judgment in any essential or material matter but the change made in the present judgment was not a material change. The amount of the judgment was in no way affected, only the correct name of the defendant was substituted in place of an erroneous name. We find no reversible error.

Judgment affirmed with ten per cent penalty.