GOLDBLATT BROS., INC. *v.* PARISH ET AL.

[No. 16,464. Filed May 6, 1941. Rehearing denied December 23, 1941. Transfer denied February 2, 1942.]

*Kenneth Call,* of Gary, and *Pritzker & Pritzker* and *William A. Goldman,* all of Chicago, Illinois, for appellant.

*Galvin, Galvin & Leeney* and *Floyd R. Murray,* all of Hammond, for appellees.

DeVoss, J.—Appellee herein, Russell Parish, by his next friend, Waverly Parish, filed his complaint on July 25, 1938, in two paragraphs against Goldblatt Brothers Corporation, an Indiana corporation, in the Lake Superior Court.

It is alleged in the first paragraph of the complaint that appellee was an infant under the age of twenty-one years and that the defendant named therein, Goldblatt Brothers Corporation, an Indiana corporation, was on the second day of July, 1938, engaged in the sale of fireworks and other merchandise in the City of Ham-

mond, Indiana, and that the appellee at that time was of the age of seven years. That on the second day of July, said appellee went to the store of appellant together with his sister and mother to purchase fireworks.

It is further alleged that the appellee informed an employee of said above-named defendant that he wished to purchase an article of fireworks known as a flower pot, that such flower pot so requested was equipped with a wooden handle and intended and designed to be held in the hands of the person discharging same, while it was being discharged. That said employee informed him that she could not find the article requested but that she could and did sell him another article of fireworks that was the same thing as a flower pot. That said article of fireworks, so sold and delivered to the appellee by the employee of said defendant, was charged with a highly explosive substance or compound which was unknown to appellee, and that in handling and discharging the same his right hand was dismembered thereby. That the defendant carelessly and negligently sold said article to appellee, knowing said appellee to be young and unfit to be trusted with such a dangerous article. The second paragraph of complaint contains allegations similar to the first paragraph and also charges a violation of the law in the sale of such fireworks.

On September 26, 1938, Goldblatt Brothers Corporation, defendant named in said complaint, filed an answer in general denial. Thereafter a change of venue was taken from Lake County to the Superior Court of Porter County. On February 21, 1939, a trial was had on the issues joined. At the close of the evidence of appellee, the said defendant filed its written motion requesting the court to instruct the jury to render verdict for the defendant on the first and second para-

graphs of said complaint, which motions were overruled. The defendant thereupon introduced its evidence and the appellee herein introduced rebuttal evidence thereto.

After the evidence had all been submitted by appellee and Goldblatt Brothers Corporation, an Indiana corporation, appellee filed with the court his written motion to amend the complaint by interlineation so that the complaint and the caption thereof would read, "Goldblatt Bros., Inc., an Illinois Corporation," instead of "Goldblatt Brothers Corporation, an Indiana Corporation."

To this motion Goldblatt Brothers Corporation, an Indiana corporation, objected.

On March 2, 1939, the court granted leave to appellee to amend the complaint by interlineation so as to take out Goldblatt Brothers Corporation, an Indiana corporation, and put in Goldblatt Bros., Inc., an Illinois corporation, and such amendments were so made, as requested.

Goldblatt Bros., Inc., an Illinois corporation, by and through its attorneys, Pritzker & Pritzker, asked leave to enter a special appearance for the sole purpose of presenting a motion for removal of said cause to the United States District Court for the Northern District of Indiana, and tendered a verified petition for the removal together with bond for filing.

Appellee objected thereto and the court sustained said objection and refused to permit appellant herein to appear specially and refused to permit it to file said verified petition and bond.

Appellant thereupon offered to enter its special appearance for the sole purpose of contesting the jurisdiction of the court and presented for filing its motion in abatement. Appellee objected thereto, which objec-

tion was sustained, and the court refused to permit the special appearance and denied to appellant the tender of said motion and affidavit in support thereof.

Appellant thereafter appeared specially and tendered its verified motion to quash the summons together with the sheriff's return thereon, to which appellee objected, which objection was by the court sustained. Appellant then entered its general appearance and filed a verified motion to withdraw the submission of the cause, to which appellee objected and which objection was sustained and motion was denied.

Upon motion of appellant, submission of the cause was reopened and further evidence was heard. At the close of the evidence, appellee dismissed his second paragraph of complaint. The jury returned a verdict in favor of appellee upon which judgment was rendered for $11,000.

A motion for a new trial was filed and overruled and thereafter this appeal was perfected by Goldblatt Bros., Inc., an Illinois corporation.

Appellant assigns eleven independent errors together with the assigned error in the overruling of appellant's motion for a new trial. The motion for a new trial contains 92 specific reasons, a number of which are waived by a failure to discuss in appellant's brief.

The first assigned error is that, "The trial court erred in sustaining the motion of plaintiff filed on February 27, 1937, to amend the complaint by interlineation." By the motion appellee sought to insert in the caption of the complaint, "Goldblatt Bros., Inc., an Illinois Corporation," instead of, "Goldblatt Brothers Corporation, an Indiana Corporation," and by inserting the word, "Illinois," in place of the word, "Indiana," in the body of the complaint.

It is contended by appellant that such amendment changed the sole party defendant and that the defendant named in the original complaint, "Goldblatt Brothers Corporation, an Indiana Corporation," is an entirely distinct and separate corporation and entity from "Goldblatt Bros., Inc., an Illinois Corporation," named in the amended complaint, and that to permit an amendment during the trial of the cause which takes out the sole party defendant and substitutes an entirely different one, is error.

Appellee contends that "Goldblatt Bros., Inc., an Illinois Corporation," was in fact the defendant sued in the original complaint, upon whom service was had, and who appeared therein; and that the amendment merely corrected the name of the party originally sued; and that such amendment made the complaint conform to the facts.

In the case of *Boland* v. *Claudel* (1914), 181 Ind. 295, 297, 104 N. E. 577, our Supreme Court said, "If appellant was sued by the wrong name, it could, on motion made at any time during the progress of the trial, have the proper name inserted in the pleadings; but in no event will it be cause to abate the action if, in fact the proper party in interest has been served with summons and has appeared to the action."

See also *New Albany and Salem Railroad Co.* v. *Laiman* (1856), 8 Ind. 212; *Wiggam Milk Co.* v. *Johnson* (1938), 213 Ind. 508, 13 N. E. (2d) 522.

It appears from the record that at the time of the negligence charged in the complaint there was in existence a corporation known as "Goldblatt Brothers Corporation, an Indiana Corporation." There was also in existence a corporation known as "Goldblatt Bros., Inc., an Illinois Corporation." In the year 1931, the first above named corporation took over the assets of Kauf-

man & Wolf in the City of Hammond, Indiana, and thereafter operated its business at the location set out in the complaint. In the year 1936, the appellant herein, Goldblatt Bros., Inc., an Illinois corporation, took over all of the assets of the first above named corporation together with the lease on the store building and that said first above named corporation was in the year 1938, in the course of dissolution. It further appears that at the time said business was operated by Goldblatt Brothers, an Indiana corporation, there were name plates imbedded in the corners of the building which contained the words, "Goldblatt Brothers Corporation," and that such name plates existed on the date complained of in the complaint. The evidence further shows that said store was operated by appellant and was the only retail store in the City of Hammond that was operated by anyone under a name containing the words, "Goldblatt Bros.," in any combination.

The evidence further discloses that one Phillip D. Mossler was the manager of said store in 1938, at the time set out in the complaint, and was under the employment of appellant; and that prior to the taking over of said business by Goldblatt Bros., Inc., an Illinois corporation, he had not been employed therein. Said store carried various lines of merchandise during the year 1938, among which was a stock of fireworks. On the 23d day of August, 1938, summons in this case was served upon said Phillip D. Mossler and the said Phillip D. Mossler sent such summons to Goldblatt Bros., Inc., an Illinois corporation, appellant herein, to the City of Chicago.

That the said Mossler learned about two weeks after the service of the summons that a claim was being made by a boy who had his hand damaged by fireworks

and that the boy claimed he had purchased the fireworks in the store of which the said Mossler was manager.

The summons was handled by Mr. Mossler the same as other summonses against Goldblatt Bros., Inc., an Illinois corporation, were handled. During the year 1938, the Hammond store of Goldblatt Bros., Inc., an Illinois corporation, had an attorney to look after legal matters in Indiana, and such attorney was Kenneth Call; and said Kenneth Call entered his appearance to the original complaint herein. The record further discloses that William A. Goldman, a lawyer who represented Goldblatt Bros., Inc., through the year 1938, was present throughout the trial of this cause. The record further discloses that Kenneth Call entered his appearance in the cause for and on behalf of Goldblatt Brothers Corporation, an Indiana corporation.

In the case of *New Albany and Salem Railroad Company* v. *Laiman, supra,* Rachel Laiman had filed a complaint against James Brooks, president of the New Albany and Salem Railroad Company, and directors. Leave was asked and granted to amend the complaint so as to read, "New Albany and Salem Railroad Company," instead of "James Brooks, President of the New Albany and Salem Railroad Company, and Directors."

In passing upon the question, the court said at p. 214, "The subject-matter of the suit at once shows that the plaintiff, when she commenced it, intended to sue the *New Albany* and *Salem* Railroad Company as a common carrier; and the process having been served on the conductor of a passenger train belonging to that company, was, no doubt, sufficient notice to them of the pendency of the suit. . . . But the complaint, as originally filed, was defective, because it misnamed the party intended to be sued. Now, the only question seems to be, was that defect amendable? . . .

"It is true, as contended, the Court has no power to substitute a defendant; but in this case, there has been no such substitution. The amendment simply corrected a misnomer of the real defendant intended to be sued, and upon whom process had been duly served. In the action of the Circuit Court we perceive nothing in conflict with the rights of the defendants. The amendment was evidently in furtherance of justice, and was, therefore, sanctioned by a statutory rule of practice."

We are of the opinion that the plaintiff, in the instant case, intended to sue the corporation which operated the store from which the fireworks were, purchased. Process was served on the manager of said store who was in the employment of appellant herein, and who operated said store. Without question appellant had knowledge of the service of process upon this agent; and such agent knew that the plaintiff was asserting that the fireworks in question was purchased in the store managed by him. The amendment simply corrected a misnomer of the defendant and was in furtherance of justice only.

Having in mind the fact that the hearing of this cause was continued by the court to enable appellant to prepare and present its evidence, and the fact that appellant did introduce testimony of numerous witnesses and was permitted to present its defense, after the amendment was made, we cannot say that any injustice was done by the court to appellant in naming the defendant by its correct name.

The courts of other states are not fully in accord on the question of amendment of complaint. The cases of Hernan v. American Bridge Co. (1909), 167 F. 930, and Smith v. Pickwick Stages System (1931), 113 Cal. App. 118, 297 P. 940, definitely sustain the contention of appellee herein, that amendments such as involved

herein are proper, while the cases of *Hackett* v. *Bethlehem Steel* (1933), 35 Del. 317, 165 A. 332, and *Hughes* v. *Diamond Match Co.* (1897), 17 Del. 140, 39 A. 772, tend to negative the proposition. However, we are convinced that under the construction given our statutes relative to amendments by the courts of our own State, we cannot reach any conclusion different from that herein stated.

Assigned errors Nos. 2 to 9 inclusive, and the subject-matter thereof, involve and are related to the first assigned error. These assignments question the ruling of the court on its motion to enter a special appearance and to the refusal of the court to transfer the cause to the United States District Court and refusal to permit a special appearance by defendant for the purpose of filing a motion to abate the proceeding, questioning the jurisdiction of the court and the ruling on the motion to quash the summons and the return of the sheriff thereon.

If the trial court was correct in permitting this amendment to be made, and this court has so held, then it necessarily follows that each and all of the motions and offers made as set out in said above numbered assignments came too late. We find no error in the trial court in its rulings thereon.

Assigned error No. 10 questions the ruling of the court on motion of appellant to withdraw the submission of this cause from the jury. We do not think the court exceeded its authority or abused its discretion in the refusal thereof, inasmuch as the appellee's evidence had been submitted and appellant was given ample time in which to prepare and present its defense thereto.

The next error assigned and discussed in appellant's brief is No. 12, "The court erred in overruling appel-

lant's motion for a new trial." The first reason set out in said motion and discussed is that the damages assessed are excessive.

In personal injury cases brought by the party injured, the jury is clothed with a liberal discretion in assessing damages.

The evidence discloses that the expectancy of life of appellee was 50.24 years, and we cannot say that the sum of $11,000 is excessive, having in mind all of the circumstances and the handicaps appellee will be under during the rest of his life from the loss of his hand. We are of the opinion that the jury was not prejudiced in arriving at this sum.

The second and third reasons assigned in the motion for a new trial are that the verdict is not sustained by sufficient evidence and is contrary to law.

We have read the evidence in this case and without a discussion thereof we are convinced that there is sufficient evidence from which the jury could find there was liability of the appellant; and we are of the opinion, and so hold, that the finding of the jury is sustained by sufficient evidence and is not contrary to law.

It is contended by appellant that the court erred in refusing to instruct the jury at the close of the evidence to return a verdict for appellant on appellee's first paragraph of complaint. We can see no merit in this contention.

It is next contended that the court erred in giving to the jury, on its own motion, instruction No. 5, for the reason that the instruction was mandatory and failed to embrace all of the elements essential for a verdict. We do not think this instruction is subject to such criticism. In such instruction the jury was informed among other things, that the negligence of the

defendant must have been the proximate cause of such injury, and when considered with other instructions given, the same was a proper instruction.

It is next contended that instruction No. 19, given by the court on its own motion, was erroneous and that such instruction was in the nature of a mandatory instruction and attempted to define the law of intervening agencies. The instruction is somewhat long; but after a careful consideration thereof, we are of the opinion that such instruction was proper, and we do not think the jury was misled thereby.

Instruction No. 27, given by the court on its own motion, informs the jury relative to the duty of parents or other persons in the care, custody and control of a minor and had contained therein the statement, "But negligence cannot be imputed to a parent who permits a child of such tender years to go to a place where it has a right to be and at which there is no reason to suspect danger and which is safe."

It is contended by appellant that this instruction is misleading and has no place in the case for the reason that there is no question here of whether or not appellee was in a place where he had a right to be. The giving of this instruction could in no way harm appellant, even though such question was not involved directly, and a reading of the instruction convinces us that it was proper to so instruct the jury.

Instruction No. 31 given by the court on its own motion, informs the jury that the negligence of the parents of appellee could not be imputed to the said appellee so as to defeat his right of recovery. Appellant objects to this instruction for the reason that it is contradictory to all other instructions given, that it confused the issues and tended to

confuse the jury and that in substance such instruction tells the jury that even if the mother or father committed an act of negligence which was the proximate cause of the injury, this would not bar a recovery. We do not agree with this construction. The jury has in other instructions been informed as to proximate cause; and considering this instruction, together with the others given, there is no likelihood of the jury being confused thereby.

Instruction No. 36, given by the court on its own motion, informs the jury relative to its duty in assessing damages and the measure thereof. Appellant objects thereto for the reason that such instruction informs the jury that the jury may take into consideration the mental pain and suffering appellee may endure in the future.

It is contended by appellant that there was no evidence that appellee would suffer in the future from his physical injury. It is further contended by appellant that such instruction informs the jury that it may take into consideration an impairment of his ability to earn money after he has attained the age of twenty-one years. We think the evidence submitted sufficiently warrants the giving of this instruction. There was evidence to the effect that on numerous times after the accident, appellee cried because his arm hurt him. We do not think the jury entered the realm of speculation when it sought to compensate appellee for injuries that would result in loss of his earning capacity. Certainly they have a right to take into account the fact that he will be without the use of his hand the balance of his natural life.

We have given consideration to all of assigned errors discussed by appellant in its brief and are of the opinion that the case has been fairly tried by the trial

court, and under the facts and the law applicable thereto, a correct result has been reached.

Judgment affirmed.

Curtis, C. J., not participating.

NOTE.—Reported in 33 N. E. (2d) 835.

## ON PETITION FOR REHEARING.

DEVOSS, C. J.—In his petition for rehearing, appellant properly contends that this court failed to discuss alleged error of the trial court in giving to the jury instructions Nos. 20 and 23, on its own motion.

Instruction No. 20 informed the jury as to intervening agency and as to when such intervening agency will be treated as the sole proximate cause of the injury. The instruction also applied the rule of intervening agency to the instant case and stated: ". . . and if you further find from all the evidence in this cause that such mother of the plaintiff did not use due and ordinary care in caring for such fireworks and in returning them to the plaintiff such as an ordinary prudent person would do under the same or like circumstances, then you will find that said mother was negligent."

While it is true, as contended by appellant, that an intervening agent need not do nor commit a negligent act in order for it to break the causal relation between the original act of negligence complained of and the injury, we cannot see how appellant was harmed by this instruction. In fact it is more favorable to appellant than to appellee to instruct the jury that the fact that the mother of plaintiff did not use care in returning the fireworks to her son would of itself establish negligence on her part. We find no error in the giving of this instruction.

Instruction No. 23 informed the jury as to ordinary care and applied the principle to the appellant as a seller of merchandise. It is contended that such instruction assumed that all fireworks are dangerous and injurious. We are of the opinion that this instruction is not subject to criticism on the grounds stated and that the jury was not misled thereby.

Appellant calls attention to the statement in our opinion as follows: "We can see no merit in this contention in as much as appellee dismissed said first paragraph of complaint." This statement is erroneous and the original opinion is modified by insertion of a period after the word "contention," and by striking out "in as much as appellee dismissed said first paragraph of complaint."

In passing upon the question of error predicated on the refusal of the court to instruct the jury to find for the defendant on the first paragraph of complaint, we keep in mind the well-established rule that if there is any evidence from which the jury could reach the conclusion evidenced by its verdict, this court will not disturb it. The circumstances surrounding the sale of the fireworks, the custody thereof, and as to how the accident happened, were all detailed to the jury, and we are of the opinion that there was some evidence from which the jury could arrive at the verdict returned by it.

Motion for rehearing denied.

NOTE.—Reported in 38. N. E. (2d) 255.