Kaye HENDRICKSON, Appellant (Defendant–Cross Complainant Below),

v.

Ona HENDRICKSON, Personal Representative of the Estate of Garry O. Hendrickson, Deceased. Ona Hendrickson, James O. Hendrickson, Vera Lou Klippel, Donald G. Hendrickson (Plaintiffs Below),

James W. Hendrickson, Personal Representative of the Estate of William O. Hendrickson, Deceased. James W. Hendrickson, Jack O. Hendrickson, Robert E. Hendrickson Appellees (Defendants Below).

No. 26A01–8804–CV–138.

Court of Appeals of Indiana, First District.

Dec. 20, 1988.

Rehearing Denied Feb. 15, 1989.

S. Anthony Long, Phillips and Long, P.C., Boonville, for appellant.

Patrick A. Shoulders, Early, Arnold & Ziemer, Evansville, Theodore Lockyear, Lockyear and Kornblum, Evansville, for appellees.

ROBERTSON, Judge.

Appellant Kay Hendrickson (Kaye) appeals from a judgment against her on her cross-claim against her former husband, Robert E. Hendrickson (Robert).

We reverse.

This cause of action commenced with the filing of a complaint for an accounting, dissolution of partnership, specific performance and quiet title in certain real estate which is the subject of this appeal. The suit grew out of the dissolution of a partnership of two now-deceased brothers, Garry O. Hendrickson and William O. Hendrickson.

After the partners decided to dissolve the partnership in 1975, certain disputes arose respecting the division of partnership assets which were unresolved at the time of their deaths. In particular, William had refused to convey to Garry certain Warrick County real estate. The heirs of Garry by their complaint sought an order to compel the heirs of William to convey to them their interest in the subject real estate.

In 1983, Robert and Kaye were divorced. Robert is an heir of William, as are Robert's brothers, James and Jack. When the plaintiffs' amended complaint was filed in April, 1986, Kaye was joined as a party-defendant, as were James and Jack's wives, by virtue of any interest they may have had in the real estate. Kaye filed a cross-complaint against Robert, in which she sought to be named the owner of an undivided one-half interest in the subject real estate in the event that at trial, Robert would be declared the owner of the property and if he owned it at the time of the divorce.

Before trial, the named parties reached a settlement and the trial date was vacated. In sum, the defendants agreed to convey the real estate to plaintiffs, who would pay defendants $50,000. On November 16, the plaintiffs filed a motion for leave to deposit the money with the court, in which the plaintiffs alleged that a settlement was still extant except that Kaye had not signed a release due to her contention that she would be entitled to some portion of the settlement appropriated to Robert. The plaintiffs asked that the court authorize the plaintiffs to deposit the total settlement amount of $50,000 with the clerk, and that the court order all parties to execute the release, with the court distributing the money to the defendants according to their agreement or in "some other manner." The court granted this motion and set the matter for hearing on December 3, 1987. A settlement agreement was filed with the court on November 23rd, and a "Judgment Decree" for quiet title entered, which reflected the parties' agreement.

In substance, the judgment resolved all "claims, demands, accounting, liability, and setoffs of all plaintiffs and defendants," and plaintiffs would pay $50,000, in separate checks payable jointly to 1) James and Mar-

jorie Hendrickson; 2) Jack and Joetta Hendrickson; and 3) Robert and Kaye Hendrickson. In turn, the defendants, including Kaye, were to execute a quitclaim deed to the plaintiffs. Accordingly, the court gave judgment to all defendants, including Kaye, in the sum of $50,000. Kaye signed the release and settlement agreement, as well as the judgment decree.

Following the December 3rd hearing at which the court considered the motion for leave to deposit money and Kaye's cross-claim, the court ruled:

"Mrs. Kaye Hendrickson shall take nothing by way of her request for division of the property."

The court rendered judgment against Kaye on December 23rd.

The sole issue we must decide is whether the court could enter a judgment against Kaye subsequent to the November 23rd judgment decree comprising the settlement agreement.

Robert[1] argues that the November agreed judgment did not dispose of Kaye's cross-claim or the motion for leave to deposit money; thus, the issue of Kaye's share in the judgment could be determined later. We have held that the preclusive effect of a consent judgment must be measured by the intent of the parties. *Hanover Logansport, Inc. v. Anderson* (1987), Ind.App., 512 N.E.2d 465. It must be clear that both parties have agreed to reserve an issue or claim. *Id.* In order to insure that both parties have agreed to reserve a claim or issue and that the reserved claim or issue is clearly apparent to both parties, the reservation must be incorporated into the offer of judgment itself and it must be an inherent part of the original complaint. *Id.*

It is manifest that no claim or issue regarding Kaye's share of the judgment was reserved in the settlement agreement or in the resulting agreed judgment. The settlement gives Kaye a judgment along with the other heirs of William and their spouses. Although Robert urges that the motion for leave to deposit money indicates the parties' intent to reserve the issue of Kaye's share of the judgment, it only evidences the intent of the plaintiffs to so reserve; it was their motion. The judgment itself is silent on any reservation, and it also does not refer to the motion or incorporate it.

We are doubtful that Kaye's cross-claim preserved the issue, where she merely sought to be given an interest in the subject real estate, should Robert be declared the owner at a trial. Since the settlement agreement required that Robert and Kaye quitclaim their interests, Kaye's cross-claim was no longer a viable issue.

We believe the rule in *Hanover* would apply in the case at bar, although Robert and Kaye were originally on the same side of the lawsuit. The same interests are served here: encouraging settlement of controversies and avoiding protracted litigation. *Id.* at 471.

■ Moreover, a court has no authority or power to modify or change a consent judgment in any essential or material matter. *Wiggam Milk Co. v. Johnson* (1938), 213 Ind. 508, 13 N.E.2d 522; *Inkoff v. Inkoff* (1974), 159 Ind.App. 239, 306 N.E.2d 132. In *Wiggam,* the court allowed a verified petition to modify an agreed judgment to reflect the defendant's correct name, which was not a material change. We deem the present modification to be material, where Kaye was disallowed the judgment which she was given under the agreed judgment.

In addition, the trial court could not have been interpreting the terms of the agreed judgment, as the court was called upon to do in *General Discount v. Weiss Machinery Corp.* (1982), Ind.App., 437 N.E.2d 145. First, the parties did not ask for an interpretation of the terms of the agreement. Second, the terms awarding judgment are not ambiguous; the judgment by its terms does not leave open to question what Kaye's share in particular would amount to.

■ In sum, the trial court erred in rendering its December 23rd judgment by

---

**1.** We will refer to Robert and the other appellees collectively as "Robert".

which it purported to deny Kaye's cross-claim, thereby modifying the agreed judgment or failing to give it preclusive effect.

Judgment reversed and remanded for proceedings consistent with this opinion.

NEAL and STATON, JJ., concur.